CHARLES A. SPALDING, Respondent, v. JAMES E. MUNFORD, Appellant.

**St. Louis Court of Appeals, May 31, 1889.**

**Lease, Construction of.** Under a lease requiring the tenant to repair all damage done to the premises during his occupancy, "the usual wear and tear. and providential destruction by fire excepted," and providing that rent should cease "in the event of the destruction of said premises by fire," a destruction which does not permanently unfit the premises for occupation does not release the tenant from the payment of rent.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Robert M. Foster*, for the appellant.

(1) The fire clause in this lease should not be held to mean a total destruction of the rented premises. May on Insurance [2 Ed.] sec. 421*a.* . "Total loss" means when the building has lost its identity and specific character as a building. The question as to the destruction of the leased premises should have been submitted to the jury. Flanders on Fire Insurance [2 Ed.] 605; *Brinkley v. Ins. Co.*, 9 Met. 195. (2) There was evidence on which to have sustained a verdict for the defendant. It should have been submitted to the jury. *Haliday v. Jones*, 59 Mo. 482; *De Grew v. Pryor*, 53 Mo. 313; *Wilson v. Board of Ed.*, 63 Mo. 137; *Buesching v. Gas Co.*, 73 Mo. 231.

*Chas. F. Joy*, for the respondent.

All the witnesses admit that the only part of the building in question, which was burned, was the roof,

and this was two stories above the premises leased to the appellant. The evidence therefore does not establish any defense.

THOMPSON, J., delivered the opinion of the court.

This is an action for arrears of rent under a lease. The premises consisted of the basement and first and second floors of a four-story building in the city of St. Louis. The lease contained a covenant on the part of the lessee, " to repair all damages done to the premises during his occupancy, or pay for the same,  *   *   * the usual wear and *tear* and providential destruction, or *destruction by fire*, excepted." It also contained this clause: "It is mutually agreed that, in the event of *destruction of said premises by fire*, the rent herein agreed upon shall cease."

The lease was for a term of six years, and expired on the thirty-first of December, 1887. On the tenth of November, 1887, a fire broke out in the building, which burned the roof off, and did much damage on the fourth floor, but did not extend below that floor. The firemen, however, cut holes through the floors of the premises included in the lease, to let the water through, and the windows of those floors were also broken in, and the property of a sub-lessee of the defendant, which consisted of printing materials, was damaged by water. The defendant paid rent down to the tenth of November, and declined to pay for the balance of the term. The defense now set up to this action is that the premises were destroyed by fire within the meaning of the lease.

The court instructed the jury "that if they believe from the evidence that the defendant rented the premises in question from the plaintiff for a period which did not end until December 31, 1887, and at the rate of $104.16⅔ per month, and if they further believe from the evidence that there remains due and unpaid from said defendant rent from the tenth day of November until

the thirty-first day of December, 1887, for said premises, then they will find for the plaintiff in the sum of one hundred and seventy-three and sixty-hundredths, with interest thereon at six per cent. from March 17, 1888, to date."

The jury thereupon returned a verdict for the plaintiff without leaving their box. This instruction, it is observed, ignored the defense of destruction of the premises by fire; and this is the error complained of.

There was no error in this instruction. It was for the court to interpret the clause of the lease upon which this defense was predicated, and to determine whether there was any substantial evidence tending to show a state of facts within it. There was no such evidence. The meaning of the clause in the lease was a total destruction of the premises, such as would require a *rebuilding*, as distinguished from a repairing. The meaning is substantially that there must be such a destruction as permanently unfits the premises for occupation.

There was no evidence tending to show such a loss. The most that can be ascribed to the evidence, taking it as a whole, is, that holes were cut through the floors, that the windows were broken, and that the stock was wet. The sub-tenant of the defendant did not even move out. Nor is it material that the court declined to enter into an inquiry why he did not; because a lessee is bound to pay rent during the term, notwithstanding the premises may become entirely useless and uninhabitable to him, unless he is exonerated therefrom by the provisions of the lease. *Burnes v. Fuchs*, 28 Mo. App. 281. The mere fact that the premises may have become temporarily unfit for occupancy did not tend to show a destruction by fire within the meaning of the policy.

Judgment affirmed. All the judges concur.