JANUARY et al., Appellants, v. POWELL & CO.'S ASSIGNEE, Respondent.

1. There is nothing in the act concerning voluntary assignments, (R. C. 1855, p. 202,) which authorizes the circuit court, on a motion of a creditor, to direct the assignee to let in such creditor and allow him to prove up his demands against the assigned effects.

2. If the assignee improperly refuse to allow the creditor to prove his claim, the proper remedy for the creditor to resort to is a writ of mandamus.

*Appeal from St. Louis Circuit Court.*

This was an application in behalf of D. A. January & Co., E. C. Sloan, and Osborne & Tolle, to the St. Louis circuit court, for an order directing Josiah G. McClellan, assignee of the firm of Powell & Co., to appoint a new day for the hearing and allowance of demands not previously allowed, and to give due notice thereof. The motion set forth that the plaintiffs therein have demands against the late firm of Powell & Co., who assigned all their property and effects to William R. Biddlecome in trust for the benefit of their creditors; that said Biddlecome appointed the 28th of April, 1859, as the day for hearing demands against the property and effects assigned to him; that, owing to the sickness of said Biddlecome on the said 28th of April, Josiah G. McClellan was

substituted as assignee in his stead; that this substitution took place in the afternoon of said 28th of April, and the said McClellan commenced hearing claims against the estate and effects assigned, about three o'clock in the afternoon of said day; that owing to a misunderstanding arising out of the sickness of the original assignee, the substitution of another in his stead, and to other causes set forth in the affidavits therewith filed, the demands of the undersigned were not allowed on the day appointed, but all of them were presented on the next day, when the acting assignee refused to receive them or hear proof of them. The plaintiffs, on the motion, prayed the court to make an order on said McClellan, the present assignee, requiring him to appoint a new day for the hearing and allowance of demands not allowed on the former day, and to give notice thereof to the creditors according to the statute, the costs of such notice to be taxed against the parties in default and to be deducted from the amount of their dividends.

Affidavits were filed in support of the motion. At the hearing of the motion these affidavits were read and oral testimony was adduced. From all the testimony introduced it appeared in substance that Powell & Co. made the assignment as alleged in the motion; that notice was given by Mr. Biddlecome as stated; that on the said day appointed, the 28th day of April, 1859, Mr. Biddlecome was too unwell to do business, and about half-past twelve o'clock of that day he resigned his trust and the circuit court immediately appointed said McClellan assignee in his stead; that said McClellan at once qualified, and gave bond, and about the hour of three o'clock P. M., he went to the office of Mr. Biddlecome and commenced hearing proof of demands. There was no one at the office of Mr. Biddlecome to hear claims until Mr. Mc-Clellan went there at three o'clock. He remained there hearing claims until about half-past six o'clock. He did not, for want of time, finish hearing claims on that day, but adjourned said hearing until the next day. On the next day he refused to hear proof of any claims that had not been pre-

sented the day before. It appeared that Mr. Biddlecome went to his office on said day about half-past eleven o'clock, but went away in a few minutes; that about that time a notice was posted up in the office that the hearing of claims would be proceeded with at three o'clock P. M. The affidavits also tended to show misunderstandings arising out of the resignation of Mr. Biddlecome and the appointment of Mc-Clellan. The court overruled the motion.

*S. A. Bennett*, for appellants.

I. An appeal lies in this case. The circuit court had power to make the order, or whatever order was suitable to accomplish the purpose of letting the petitioners in to prove up their demands. They were entitled to the order as a matter of right. They were misled. The substituted assignee should have given a new notice. The petitioners did appear at "the time and place of adjusting and allowing demands against the estate." (R. C. 1855, p. 206, § 25.) The adjournment to the next day was an extension of time.

*G. P. Strong*, for respondent.

I. Neither the assignee nor the court had the power to extend the time for the presentation of claims beyond the day fixed in the notice. The statute allows but one day for the presentation of demands. Nothing prevented the presentation on the 28th of April except the negligence of the claimants. The new assignee took up the matter precisely where it was left by Mr. Biddlecome. It was his duty to adopt all that his predecessor had properly done.

Scott, Judge, delivered the opinion of the court.

This proceeding was begun by a motion to the circuit court to require an assignee in insolvency to hear the claims of certain creditors of the insolvent, which he refused to do.

We do not see any foundation in the statute concerning assignments for the motion that was made in the circuit court. The matters in which the circuit court can control

the assignee are all stated in the statute, and there is no warrant for going further. The assignee is by no means an officer subordinate in all things to the circuit court and a part of that court. It is necessary to preserve the forms of the law. Law can not exist without forms; and without them every thing will depend on the arbitrary will of a judge.

Taking all the circumstances into consideration, the assignee should have heard the claims. It would have been better if the substituted assignee had given a new notice. As there is no warrant for this proceeding in the law on the subject of assignments, the proper course would have been to apply to the circuit court for a mandamus on the assignee. That writ would have been sustained on general principles.

This judgment will be affirmed, and the course indicated will be at the option of the parties. Judge Ewing concurs.