RICHARD O'NEIL, Respondent, v. GEORGE M. FLANAGAN, Appellant.

St. Louis Court of Appeals, December ·10, 1895.

Lease: EFFECT OF DESTRUCTION OF BUILDING FROM ACCIDENTAL CAUSE. The destruction of a building by fire during the term of a lease does not discharge the tenant from his obligation to pay rent under an express covenant which contains no limitation for such exigency. Nor is this obligation affected by a provision of the lease, that the lessee need not restore the building from the effects of fire; but it is otherwise, if the lessor covenants to rebuild and fails to do so.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

.AFFIRMED.

*William B. Thompson* for appellant.

*Collins & Jameson* for respondent.

Where premises are leased for a term of years and the lessee agrees to pay rent during such term and the lessor does not contract to rebuild, the destruction · by fire of the buildings rented will not exempt the lessor from the further payment of rent; he must pay rent for the whole of the term. *Gibson v. Perry*, 29 Mo. 245; *Burnet v. Fuchs*, 28 Mo. App. 279. The statute (R. S., sec. 2393) as to the covenant or contract of a tenant to repair has no application to this case.

BIGGS, J.—On the first day of May, 1893, the defendant leased from plaintiff certain premises for the period of five years. The rent for the first year was fixed at $750, payable in monthly installments of $62.50, each installment to be due and payable on the first day of each month. in advance. For the remaining

four years a rental of $900 per annum was agreed on. The lease contained no covenant on the part of the plaintiff to keep the buildings in repair, or to insure them against loss by fire or other accidental cause. The concluding covenant on the part of the defendant is that at the end of the term he would deliver up the premises "in the same condition that he received them, natural wear and decay and damage by fire or elements excepted." The buildings were substantially destroyed by fire on the ninth day of January, 1894, and, the defendant having refused to pay the rent for the months of January and February of that year, the plaintiff in the month of March following instituted this suit before a justice to recover the rent for those two months, which under the terms of the lease was then due. On a trial *de novo* in the circuit court the cause was submitted to the court without the intervention of a jury, and judgment was rendered for the full amount. The defendant has appealed.

No instructions were asked or given, and no point is made on the admission or exclusion of evidence.

It is the accepted law in this state and elsewhere that a lessee of premises which are burned, or destroyed by other accidental causes, has no relief either in law or equity against an express covenant to pay rent, unless he has protected himself by covenant against such casualties, or the lessor has covenanted to rebuild and has failed to do so. The seeming hardship of the rule disappears when the transaction is viewed as a sale of the premises for the period of time mentioned in the lease. *Gibson v. Perry*, 29 Mo. 244; *Burnes v. Fuchs*, 28 Mo. App. 279. We understand counsel for defendant to concede this, but his argument seems to be that the clause in the lease above quoted in some way released the defendant from his obligation to pay rent in case the house was burned,

or was otherwise rendered untenantable. We confess that we have been unable to appreciate the force of the argument in support of this. The defendant obligated himself to deliver up the premises in as good repair as he received them, and, with the view of protecting him against the obligation to rebuild in case the buildings were destroyed by fire, or otherwise, during the term, the clause referred to was inserted in the lease. This was the only effect of it. However, its insertion was useless, because section 2393, Revised Statutes, 1889, afforded defendant full protection against such a liability.

The defendant attempted to prove a surrender after the fire. Conceding for the argument that his evidence tended to prove it, the plaintiff positively denied it. The circuit court found the issue against the defendant, and we can not disturb the finding.

The defendant also attempted to prove that the plaintiff made arrangements with the defendant for the possession of the premises so that he could rebuild, and that he afterward refused to go ahead with the work. He failed to prove any such arrangement, and, if he had, it would have been no defense to the action.

The suggestion is also made, that the provisions of section 2393, *supra*, are broad enough to relieve the defendant of his obligation to pay rent. Counsel misconceives the object and purport of the statute. As heretofore stated, the section was enacted to relieve lessees from the obligation to rebuild, where the lease contained a general covenant to repair. And it also protects tenants against actions for damages resulting from accidental fires having their origin in the houses or apartments occupied by tenants. This is the entire scope of the enactment.

The judgment will be affirmed. All the judges concur.