STATE OF MISSOURI *ex rel.* JOHN. J. FESTOR *et al.* | 64 453|
Respondents, v. PATRICK M. STAED *et al.*, | r143s 248|
Appellants.

St. Louis Court of Appeals, January 7, 1896.

1. **Tenant in Common**: EXTENT OF RIGHT TO RECOVER LAND FROM
STRANGERS. When land is owned by two or more persons as tenants
in common, the right to each to the possession is dependent upon his
title, and, even in an action against a stranger for such possession,
the recovery of any such tenant will be limited to his share or interest.

2. ———: ———. But, *held,* by ROMBAUER, P. J., dissenting, that this
rule has no application to proceedings in equity, wherein it was found
that a defendant held real estate adversely to, and in fraud of, the
plaintiffs and a codefendant, and wherein a decree was entered vest-
ing four fifths of the title in the plaintiffs and the other fifth in this
codefendant, and ordering a writ of restitution to issue in favor of
the plaintiffs for four fifths of the land.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

REVERSED AND REMANDED, AND CERTIFIED TO THE
SUPREME COURT.

*Laughlin & Tansey* for appellants.

*Lubke & Muench* for respondents.

BOND, J.—Relators were awarded a writ of restitu-
tion in an action against Anton Meglitsch and George
Meglitsch for an undivided four fifths of certain city
property, the remaining one fifth of said property being
vested in said George Meglitsch, an infant four years of
age and the son of Anton Meglitsch. Relators sued
the defendant on his official bond as sheriff for failure
to execute said writ of possession and for false return

thereof. Defendant answered that he offered to deliver to relators the possession of an undivided four fifths of the real estate described in the writ, which they declined to receive, wherefore he made return of said writ accordingly. The reply was a general denial. A jury being waived, the cause was submitted to the court. The testimony given for relators tended to show that they demanded that the defendant sheriff should oust Anton Meglitsch from any possession of the property and put the same in possession of relators, not, however, so as to disturb the possession of the said infant son of Anton Meglitsch; that the sheriff refused to comply with such demand, saying all he would do would be to deliver relators possession of four fifths of the property.

The testimony for the defendant tends to show that his deputy sheriff took one of the relators to the premises and put him in possession of four fifths thereof, and that said relator for himself and others refused to accept such possession as a compliance with the command of the writ. The court found for relators and gave judgment for the penalty of the bond, and assessed the damages at $240.42. Defendants appealed, and assign for error the refusal by the court of the following declarations of law:

"The court declares the law to be that it was not the duty of the sheriff to eject Anton Meglitsch from the property set out in the execution as long as he remained peaceably upon the same, caring for and protecting his minor child, George Meglitsch, who was entitled to an undivided one fifth, and so long as he did not disturb the possession of the plaintiffs in their possession of an undivided four fifths of the property.

"The court declares the law to be that, under the execution number 91, October term, 1893, it was the duty of the sheriff to put the plaintiffs in said execution in possession of an undivided four fifths of the property

therein specified, leaving in possession of an undivided one fifth George Meglitsch, one of the defendants in said execution. And the court further declares the law to be that the said George Meglitsch, being an infant of tender years, to wit, of the age of about four years, was entitled to the possession of an undivided one fifth of said property and to the presence of his only living parent, his father, to care for him and protect him, and also to the presence, if need be, of a proper nurse to watch over him, and to guard him, and that the father of said child had the right to be in and upon said premises, caring for and protecting his said child, so long as he did not interfere with the possession of the plaintiffs in said execution to an undivided four fifths of said property."

The extent to which a tenant in common can recover possession of land in an action against a stranger has been ruled differently in other states. In most of these it seems to be generally held that a tenant in common is, against every person but his cotenant, entitled to the possession of every part of the common lands. Freeman on Cotenancy, section 343. In others, however, this doctrine is not maintained, but it is held that the right of possession, being dependent on title—and that being several—can not be enforced beyond the moity of the plaintiff. This is the rule in Missouri. *Gray v. Givens*, 26 Mo. 303; *Collins v. Warren*, 29 Mo. 241; *Buttrick v. Tilton*, 141 Mass. *loc. cit.* 96, affirming *Dewey v. Brown*, 2 Pick. 387; *Dawson v. Mills*, 32 Pa. St. 302. The declarations of law requested by defendants were sustained by the evidence, and were in consonance with the rule on this subject adopted in this state. Their refusal was, therefore, error for which the judgment in this case should be reversed and the cause remanded, and it is so ordered. In this view Judge BIGGS concurs. Judge ROMBAUER, however, is of

opinion that the decision rests upon a misconception of the decision of *Gray v. Givens, supra,* and hence is opposed to that decision. It is, therefore, ordered that the cause be certified to the supreme court for final disposition.

### DISSENTING OPINION.

ROMBAUER, P. J.—In the main action, out of which the present controversy arose, the court found that Anton Meglitsch had, in fraud of the plaintiffs and of his infant son George, all of whom were parties to the action, acquired title to the real estate on which he resided, and was holding it *adversely to all his children.* The court thereupon decreed that *all* right, title, and interest, in and to said real estate be divested out of him and vested in the plaintiffs and the defendant's infant son, George, in equal proportions, and ordered a writ of possession to issue in favor of plaintiffs for four undivided fifths of the property, the court evidently being of opinion that as to the last fifth the infant son, who was already on the premises, would remain in full possession after the divestiture of his father's title.

A writ of possession being accordingly issued, the sheriff, as the court found on substantial evidence, refused to put the defendant, Anton Meglitsch, out of possession on the sole ground that he was entitled to remain there as guardian of his infant son, notwithstanding that his possession had been adjudged adverse to such son as well as to the plaintiffs.

This claim of the sheriff can not be sustained on any sound view of the law. The father as natural guardian of his infant son has the right to the possession of *his person,* but he has neither the right of possession, nor the control of the infant's estate which is not derived from him, unless he qualifies under the statute. *McCarty v. Roundtree,* 19 Mo. 345; *Morris v.*

*Railroad,* 58 Mo. 78; *Sherwood v. Neil,* 41 Mo. App. 416. As it is the duty of the father to support his infant son out of his own estate, and not out of that of his infant, and, as he is compellable by law to do so, I can not see on what theory he can remain in possession of the infant's property in hostility to the infant's interest.

As the father in this case is shown to be insolvent and is still in possession of the property, should we decide that he has the right to remain there because his infant son is a cotenant, we would substantially decide that the decree of the court divesting him of the title and vesting the title in his children was for all practical purposes a mere farce, because incapable of being carried into effect by divesting him of his adverse possession of the property.

If I understand the opinion of my associates correctly, their decision is founded on the case of *Gray v. Givens,* 26 Mo. 291. That case decides that, even against a disseizor, a tenant in common can not recover the entire possession, but only a possession commensurate with his title; otherwise he might deprive the disseizor of a valid defense which he has against the plaintiff's cotenant. In view of the recognized fiduciary relation which exists between cotenants before ouster of one by the other, the last sentence in that opinion is not quite clear to me. But even conceding that that opinion in all its parts is a correct exposition of the law of this state, still I fail to see how it can be made applicable to a case like the one at bar. Here the judgment was strictly in conformity with Gray *v.* Givens, but it at the same time determined the wrongful and adverse holding of the tenant in possession *against all the other parties to the suit.* It, therefore, finally determined the wrongful and adverse holding of the defendant, Anton Meglitsch, against all his children, including the infant

cotenant, who was his codefendant.   The only question is whether in the face of this decree Anton Meglitsch is entitled to any part of the possession.   If he is not, then the sheriff clearly violated his duty by not putting him out.

Taking this view I dissent from the opinion of my associates, and hold that it is opposed, not only to the ruling in Gray v. Givens, but by analogy to every decision in this state which holds that a court of equity in taking hold of a litigation will do complete justice between the parties, and not drive them to another forum for inadequate redress.