*GEORGE H. BEACH, RESPONDENT, v. ADAM  [339] *39-153*
T. FARISH AND JOHN H. ADAMS, APPELLANTS.

[1] LEASE. CONSTRUCTION OF.—A clause in a lease, exempting the tenant from liability to restore the house in case it should be destroyed by fire, does not relieve him from paying rent in case of such destruction.

APPEAL from the Tenth Judicial District.

This suit was brought by the plaintiff to recover the sum of $2,030 66, alleged to be due for the rent of certain premises in the City of Marysville, leased by the plaintiff to defendants.

The defendants agreed, by the terms of the lease, to pay the plaintiff the rent reserved. At the end of the lease was a clause which provided that the defendants should deliver up the premises "in as good condition as at present, reasonable wear and tear excepted; also excepted, total loss by fire, whensoever the lessees are not answerable for neglect and carelessness."

The Court instructed the jury as follows:

"The last exception in the lease did not apply to all the covenants which the defendants bound themselves to perform, but only applied to the covenant whereby the defendants bound themselves to deliver the property in as good condition as it was when the lease was made, and that under said clause the defendants would not be excused from paying rent during the whole term of the lease, notwithstanding the premises were destroyed by fire, without the fault or carelessness of the defendants."

To this charge the defendants excepted; and a verdict being rendered against them, they moved for a new trial, which was denied; and judgment being entered on the verdict, they appealed.

[1] Cited in Cowell v. Lumley, 39 Cal. 153.

*Rowe & Dunn*, for Appellants.

*E. D. Wheeler*, for Respondents.

[340]        * Mr. J. HEYDENFELDT delivered the opinion of
       the Court.   Mr. Ch. J. MURRAY concurred.

What the appellant calls a fire-clause at the foot of the
lease, is not what is generally known as such.   This merely
qualifies the covenant to return the premises in like good
order, etc., at the expiration of the term, by exempting the
tenant from liability to restore the house in case it should
be destroyed by fire, a liability which could not have accrued
except by special covenant.

   There is certainly nothing in the clause which relieves the
tenant from paying rent.

   Judgment affirmed, with twenty per cent. damages.

   Mr. J. WELLS concurred, as follows:

While it may seem a case of hardship upon the tenant, he
covenanted to pay the rent, and he cannot avoid the cove-
nant.   One reason for the introduction of such a clause in a
lease is, to protect the landlord from loss by fire, so that one
who had entered into a lease of the character set forth in
the record, could not avoid the same through the burning of
the building, whether occasioned by accident, negligence or
design.   The object of the fire-clause was, that he should
guard and protect the building.   It was not intended he
should rebuild in case of fire, but that he should pay the
rent for the full term defined in the lease, whether the build-
ing was burned or not.   The terms were stringent, but he
must abide by them.