No. 2,181.

HENRY COWELL, RESPONDENT, *v.* GEORGE LUMLEY, APPELLANT.

LANDLORD AND TENANT. — COVENANT TO BUILD. — A covenant by the lessor of land to build on the leased premises, does not, by implication, impose on him an obligation to rebuild in case of the destruction of the building, by fire, during the tenancy.

IDEM. — RENT. — The failure of the lessor to rebuild after the accidental destruction of the building by fire, does not relieve the lessee from his *express agreement* to pay rent.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The case is stated in the opinion.

(T.)

*Earl Bartlett*, for Appellant.

*J. H. Appelgate*, for Respondent.

WALLACE, J., delivered the opinion of the Court :

On the 1st day of April, 1863, the respondent leased to
the appellant a water lot in San Francisco, capped and piled,
but not then otherwise improved.   The indenture of lease,
interchangeably executed, contains the usual clauses fixing
the duration of the term (which was five years from its com-
mencement), reserving a monthly rent (which the appellant
expressly covenanted to pay at stated periods of time), and
is otherwise in the customary form, except that it contains a
special covenant in the following words : ''And the said
party of the first part doth hereby covenant and agree to and
with the party of the second part, that he will well and truly
erect or cause to be erected upon said premises, within two
months from the date of this lease, a building according to
certain plans and specifications this day agreed to and signed
by said parties.   And the said party of the second part doth
hereby covenant and agree for himself, his executors admin-
istrators and assigns, that he and they shall and will well
and truly keep the said building, so to be erected as afore-
said, in good repair during said term hereby granted.

The appellant entered under the lease, and the respondent
erected the building in accordance with the covenant.   The
stipulated rent was paid up to June, 1866, but the building
having been about that time destroyed by fire, the appellant
refused to pay any further rent, unless the respondent would
rebuild, which the latter, upon his part, refused to do.

It is unnecessary to consider whether this refusal should
have been pleaded by the appellant, in bar, or by way of
counter claim ; for, in either form, it could not have availed
him.

There is no express covenant, on the part of the respond-
ent, to rebuild ; he was bound to build but once, and then
only to build a structure of a specified character, and within
a limited time.   The erection of that building within the

prescribed periods forever satisfied the covenant on his part. To ascertain that he did not *expressly covenant to rebuild,* is, virtually, to decide the case, for the law does not *imply* such a covenant, on his part, nor will his failure to rebuild, after the accidental destruction of the premises by fire, relieve the lessee from his *express agreement* to pay the rent.

The authorities which support this proposition are too numerous to permit here a citation of them all. Some of them are : *Beach* v. *Farish* (4 Cal. 339) ; *Sheets* v. *Selden* (7 Wallace, 423) ; *White* v. *Molyneux* (2 Kelley, 126) ; *Linn* v. *Ross* (10 O. R. 412) ; *Izon* v. *Gorton* (7 Scott, 546.)

The order denying a new trial was therefore correct, and it is affirmed.

It is conceded, however, that the judgment is for too much money — but the counsel here differ as to the amount of the excess, and we have no means of satisfactorily ascertaining it.

The judgment is therefore reversed, and the cause remanded, with directions to the Court below to render judgment, in favor of the respondent here, for such sum of money for rent, interest and costs, as may be proper—not including, of course, the costs of the appeal, which must be paid by the respondent.