## G. W. DIAMOND v. WILEY HARRIS.

1. In the absence of any covenant to the contrary, the consideration of a note given for future occupation of a house does not fail if, before the expiration of the lease, the house be destroyed by fire, resulting from the act of God or of an incendiary ; though it is admitted that in the apparently analagous case of a hiring of a slave, who died before the expiration of the term, the different rule of the civil law was applied in Townsend v. Hill, 18 Texas, 422.

2. The common law having been adopted by statute as the rule of decision in this State, this court does not perceive how it can be ignored and conflicting principles of the civil law be applied, even though the latter possessed superior equity in the given case.

3. Plaintiff sued defendant for fraud, alleging that the latter, in payment to plaintiff for a horse and buggy, transferred by delivery to plaintiff the promissory note of C., which was then overdue, and represented to plaintiff that it was " good," but concealed from him the fact that C. had refused to pay it, and the further facts that it was given for six months future rent of a house which, by fire resulting from the act of God or of an incendiary, was destroyed about four months before the expiration of the lease, whereby, it was alleged, the consideration *pro tanto* of the note had failed ; that plaintiff had presented the note to C. for payment, but it was refused by C., and plaintiff had tendered it back to defendant, demanding a rescission of the contract, but without avail. It was admitted by plaintiff that C. was solvent.   *Held,* that the district court did not err in sustaining a general demurrer to the petition, inasmuch as its allegations, if true, do not raise a presumption of fraud against the defendant.

4. A note outstanding after maturity is already dishonored, and persons who take it are put upon inquiry as to defenses or equities which may exist against it.

5. In the present case as above outlined, the plaintiff, having never sued C. upon the note, cannot be assured of the untruth of the defendant's representation that it was " good ;" and he is therefore in the attitude of one who sues on covenants before covenant broken.

ERROR from Rusk.   Tried below before Hon. J. B. Williamson.

The facts are indicated in the opinion.

*Stedman, Casey, Herndon*, and *Parsons & Jones*, for the plaintiff in error.

*J. R. Armstrong*, for the defendant in error.

WALKER, J.—The plaintiff sued the defendant in the district court of Rusk county, on the fifth day of February, 1866.

The petition sets up that on or about the first day of July, 1862, the plaintiff sold the defendant a horse, buggy and harness, for which he took in payment the note of R. H. Cumby, calling for the payment of three hundred and fifty dollars, made payable to Wiley Harris or bearer, dated June 13, 1860, and due January 1, 1861. The note was simply transferred by delivery, without endorsement, and long after maturity. The plaintiff alleges a failure of consideration and the fraudulent concealment of material facts, by the defendant, touching the negotiation of the note, and states the facts from which he deduces the fraud, viz:

That the defendant, at the time of the negotiation, said the note was good, and concealed the fact that Cumby had told him he would not pay it; and the petition explains that the note was given for the rent of a house in the town of Henderson, upon a lease which was to run from the twelfth of June, 1860, to the first of January, 1861, and that the house was destroyed by fire

on the fifth day of August, 1860; that the pecuniary circumstances of R. H. Cumby were equally well known to both parties, and it is not denied but that he was at the time, and still is perfectly solvent. The petitioner avers that he demanded payment of the note from Cumby, which he refused, and also that he demanded of Harris the rescission of the contract, tendering him back Cumby's note.

To this petition a general demurrer was filed by the defendant, which was sustained by the court, and from this judgment the appeal to this court is taken.

There was no error in the judgment of the district court.

The facts as stated in the petition do not raise the presumption of fraud on the part of the defendant. To say that Cumby's note was " good " was not fraud, for the burning of the house during the tenant's term, in the absence of any covenant against loss by fire, was no defense against the payment of the rent for the whole term, when it occurred, as is alleged by the plaintiff in his petition, "by the act of God, or an incendiary." (See Story on Contracts, § 968; 1 vol. Parsons on Contracts, p. 426; Chitty on Contracts, 336; 16 Mo. R., 214; 6 Mass. R., 62; 3 Bibb, 536; and see also the case of Townsend v. Hill, 18 Texas R., 422.) This case was ably decided in an opinion of Justice Wheeler. It was an action brought to recover for the hire of a slave who had died during the term for which he was hired; and although the learned judge decides that the hirer of the slave should, upon the mild rule of the civil law, receive a rebate for the unexpired term for which the slave was hired, yet he says that (even in this class of cases) " the authorities are divided. Those which follow the civil law without exception doubtless maintain the affirmative, but in the common law states the decisions are not uniform. The weight of authority then, however, will be found, I think, to be in favor of the more equitable rule of the civil law. (George v. Eliot, 2 Hen. & Munf. R., 5; 2 Bailey's R., 424; 9 Miss. R.,

867.)    Where a different rule has obtained it has been rested in a great degree on a supposed analogy to the common law doctrine respecting the obligation of the tenant for the payment of the rent of demised premises.    (Lennard v. Boynton, 11 Ga. R., 109.) It might be a question whether the analogy applies with all the force which has been claimed for it ; or, admitting the analogy, whether there is such reason and justice in the rule as to commend its extension and application by analogy to other cases.    And it is yet to be seen whether that severe rule of the common law will prevail in this State, or whether our courts will not feel at liberty to follow the example of those courts which have departed from it and followed the rule of the civil law."    (4 McCord, 447.)    It is wholly unnecessary to discuss the equity of the rule as applied to that class of cases—the hiring of slaves.    It is difficult for us to see how the courts of this State are to ignore the common law as a rule of decision, when it is made so by statute, and adopt the civil law, even though it have the merit of superior equity.    The decision recognizes the rule of the common law in the case of demised premises, and we cannot consider the rule as inequitable. *Res perit domino.*    (The thing perishes to the lord.)    Neither the lessor nor the lessee are chargeable with any blame.    The lessor loses the fee, the lessee loses his term.    The lessor loses by far the greater amount in most cases.    Would it be equity to throw the whole loss, which is purely providential, on him ?

When the goods of one merchant are thrown overboard to lighten and save the ship, it was the truly equitable rule of the civil law to apply the doctrine of " general average " and divide the loss.

But the plaintiff by his own showing took the Cumby note long after its maturity, and took it subject to all outstanding equities, if there had been any.    The note was dishonored by being overdue, and this should have put him upon inquiry.    But had it been otherwise, Diamond has never brought suit upon the note, and does not know by the judgment of any court that Harris's repre-

sentation that the note was " good " was not true to all intent and purposes; he is in the position of one who sues upon the covenants of his deed before covenant broken.

The judgment of the court below is affirmed and the cause dismissed, with costs to the defendant in error.

Affirmed and dismissed.