EMMA M. LANPHER and another *vs.* WILLIAM J. GLENN and others.

## May 12, 1887.

Landlord and Tenant — Lease of Land — Destruction of Building — Rent.—At the common law a covenant in a lease of land for a term was not terminated by destruction by fire of the buildings on the land, unless so provided in the lease.

Same—Lease of Building.—A lease of a building *eo nomine* is a lease of the land on which the building stands.

Same—Construction of Lease.—A lease construed to be of the entire building, and so to pass an interest in the land.

Plaintiffs brought this action in the district court for Ramsey county, to recover arrears of rent on a written lease made by plaintiffs to defendant Glenn, the other defendants being guarantors of the performance by Glenn of the covenants of the lease. The lease was for a period of five years from February 1, 1883, at a rental of $90 per month. On July 4, 1884, the buildings and improvements mentioned in the lease (and described in the opinion) were destroyed by fire, without Glenn's fault. No rent accruing since August 1, 1883, had been paid at the commencement of the action, (January 1, 1887,) except the sum of $291.

The action was tried by *Simons*, J., who found the facts above recited and ordered judgment for plaintiffs, which was entered, and the defendants appealed.

*John B. & W. H. Sanborn*, for appellants.

*Hiram F. Stevens*, for respondents.

GILFILLAN, C. J. At the common law, the rule undoubtedly was that a lessee of real estate for a term, who had covenanted to pay the rent without excepting the case of destruction by fire or tempest of the buildings on the real estate, was not released from his obligation to pay the rent by such destruction. This was because the lease created an interest in the land, by virtue of which the lessee might, notwithstanding the destruction of the buildings, retain possession of the land to the end of his term. An exception to this, or, rather, a

case to which, from the circumstances, the rule did not apply, was that of renting rooms or apartments in a building, in which case no interest in the real estate beyond that connected with and necessary to the enjoyment of the particular room or apartment passed, and of necessity such interest ceased when the room or apartment ceased to exist; for in such a case, especially where there are several tenants, some above and some below, they cannot all have the realty *"usque ad cœlum."* Such cases were, from the nature of the case, construed not to pass any interest in the land, independent of the particular room or apartment rented.

The lease in this case, having been executed prior to the act of 1883, (Laws 1883, *c.* 100,) comes under the rule of the common law. Whether the liability to pay rent continued, notwithstanding the building was destroyed by fire, must depend on whether the lease passed an interest in the land; that is, whether it was a lease of the land for the specified term. The description of the premises leased is this: "The real property situate in the county of Ramsey and state of Minnesota, and described as follows, that is to say: The two-story (and rear basement) frame stores, and dwellings overhead, situated on the westerly side of Jackson street, near what is designated on D. L. Curtice's 1880 map of the city of St. Paul as Winter street, situated in the said city of St. Paul, being a portion of the east half of the north-west quarter of section thirty-one," "together with the appurtenances thereof."

It does not appear from the lease (nor otherwise) that any part of the building was excepted. The words "and rear basement" do not indicate it. They are to be taken as used to describe the building as a two-story and rear-basement building. It appears, therefore, that the entire building is covered by the description. Land may be granted or leased by the description of a building on it. "And by the grant of a house, the ground whereon it doth stand doth pass." Shep. Touch. 90. A garden may pass by conveyance of a house. *Smith* v. *Martin,* 2 Saund. 400. The demise of a mill carries the ground on which it stands. *Bacon* v. *Bowdoin,* 22 Pick. 401. See, also, *Ammidown* v. *Ball,* 8 Allen, 293; *Hooper* v. *Farnsworth,* 128 Mass. 487; *Winchester* v. *Hees,* 35 N. H. 43; *Wilson* v. *Hunter,* 14

Wis. 683, (80 Am. Dec. 795;) *Rogers* v. *Snow*, 118 Mass. 118. This lease was, then, a lease of the ground as well as of the building, and it brings the case within the rule of the common law we have stated.

Judgment affirmed.