## Dennis Moran v. Thomas Bergin, et al.

1. TERMINATION OF LEASE—*when destruction of demised premises does not effect a.* Where one leases land on which there is a building and the building is destroyed by fire, without the fault of either party, such destruction of the building will not, in the absence of a covenant in the lease compelling the landlord to rebuild, terminate such lease or release the tenant from his obligation to pay rent for the remainder of the term.

Action of assumpsit. Appeal from the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this

court at the May term, 1903. Reversed with finding of facts. Opinion filed November 9, 1903.

M. J. Fitzgerald and J. C. & W. B. McBride, for appellant.

John E. Hogan, for appellees.

Mr. Justice Baume delivered the opinion of the court.

On August 3, 1901, appellant leased to appellees, certain premises with the building and fixtures therein, in the village of Assumption, for saloon purposes, for the term of nine months, beginning August 5, 1901, and paid the stipulated rent therefor, $270, in advance. On the afternoon of August 6, 1901, the building on the premises was, without the fault of either party, destroyed by fire, and this suit was brought by appellees to recover the rent so paid in advance for the full term. On the trial below there was a verdict and judgment against appellant for the full amount of the rent paid, from which judgment this appeal is taken.

There was no provision in the lease requiring appellant to repair or to rebuild in case of destruction of the building from any cause.

The law is well settled that " where one leases land on which there is a building and the building is destroyed by fire, without the fault of either party, in the absence of a covenant in the lease compelling the landlord to·rebuild, such destruction of the building will not terminate the lease, or release the tenant from his obligation to pay rent for the remainder of the term." Smith v. McLean, 123 Ill. 210; Barrett v. Boddie, 158 Ill. 479; Strautz v. Protzman, 84 Ill. App. 434.

Appellees contend that their obligation is not determined by this rule, because they insist that the lease in question was not a lease of the land, but of the building only. If there is any force in their contention on principle, it is not applicable here, as the lease by express terms includes the land, describing it as the north 22½ feet of the east half of lot 1, block 2. Appellees also contend that they did not

have possession of the leased premises at the time of the fire, and, therefore, are not within the rule stated.

The facts are, that appellant prior to the leasing, had been engaged in the saloon business on the leased premises; that he had on hand a stock of liquors which appellee purchased; that keys to the building were delivered to appellees on the evening of August 5; that appellant was a single man, lodging on the second floor of the building, where he had some furniture and clothing, and that he also had a desk and perhaps a safe on the first floor; that at the time he delivered the keys to appellees, appellant asked them if they had any objections to his occupying the room up stairs for a few days and also to allowing his desk to remain on the first floor two or three days, to which appellees replied that they had no objection; that appellant retained duplicate keys to both floors of the building for the purpose of gaining access to his property; that appellees opened up their saloon business on the morning of August 6 and were so engaged when the building burned. The possession of appellant, under the circumstances, was not adverse to appellees but with their consent. The trifling use of the premises retained by appellant was a mere gratuity arising out of the kindly feeling appellees then had for him and cannot be strained into eviction or withholding possession of the leased premises, as appellees seek to do, to base a right of recovery in this case. The other questions raised need not be discussed.

The judgment will be reversed without remanding.

*Reversed.*

Finding of facts. The following finding of facts will be incorporated in the judgment in this court:

The court finds that after appellees went into possession of certain premises, under written lease from appellant, for which appellees paid rent in advance, the building on said premises was destroyed by fire without the fault of either party; that the lease contained no covenant on the part of appellant to rebuild, and that appellees have no cause of action.