Jones, &c. v. Fowler Drug Company.

---

Case 21.—ACTION BY THE J. W. FOWLER DRUG COMPANY AGAINST SAUNDERS P. JONES AND OTHERS, TO RE-STRAIN THE DEFENDANTS FROM REMOVING PLAIN-TIFFS FROM THEIR LEASED PREMISES.—March 17.

## Jones, &c. v. Fowler Drug Company.

Appeal from Jefferson Circuit Court, Chancery Branch (1st Division).

SHACKELFORD MILLER, Judge.

Judgment for plaintiff. Defendants appeal. Affirmed.

Lease—Term of Years—Damage by Fire—Remodeling—Agreement to Re-occupy—Tenable Condition—Where premises are leased for a drug store for five years, under a contract providing "that in the event the owner should desire to remodel the building so far as it would necessitate the tenant removing from the building, he is to receive a certain reduction of the.

rent, with the right to re-occupy the premises after the building is remodeled at the same rental until expiration of the lease," such tenant is entitled to hold the premises where they have been damaged by fire without his fault, where the damage is not such as to render them untenable, and such lessee may elect to retain them unless the lessor will agree that he shall re-occupy them after they are remodeled as specified in the written contract.

HUMPHREY, HINES & HUMPHREY for appellants.

### POINTS AND AUTHORITIES.

1. A lease of an apartment in a building carries with it no right to the soil, and the destruction of the building terminates the lease. (Helburn v. Mofford, 7 Bush, 170; Ky. Stats., sec. 2297; Sun Insurance Company v. Varble, Receiver, 103 Ky., 764; Winton v. Cornish, 5 Ohio, 303; Stockwell v. Hunter, 11 Metcalfe [Mass.], 448; 45 A. D., 220; Alexander v. Dorsey, 12 Ga., 12; 56 A. D., 443; Kerr v. Merchants Exchange Company, 3 Edwards Chancery, 333; McMillan v. Solomon, 42 Ala., 356; 94 A. D., 654; Harrington v. Watson, 11 Oregon, 143; 50 Am. Rep., 465.)

2. A building is destroyed by fire when it is so far injured by a fire that a restoration would make a substantially new building. (Winton v. Cornish, 5 Ohio, 303; Corbett v. Spring Garden Insurance Co., 155 N. Y., 389; 41 L. R. A., 318; Doe on the demise of Freeland v. Burt, 1 T. R., 701; Kerr v. Merchants Exchange Company, 3 Edwards Chancery, 340.)

3. The building inspector had the right to require the walls of the Masonic Temple Building to be pulled down, and Jones only complied with his duty to the public in obeying this direction. (Ordinance, City of Louisville, 130 Fifth Biennial Compilation of General Ordinances; C., St. L. & N. O. R. R. Co. v. L. & N. R. R. Co., 22 Ky. Law Rep., 660.)

CHAS. F. TAYLOR and MATT O'DOHERTY for appellee.

We contend:

First. That the premises leased to appellee were not damaged, much less destroyed, by the fire of November 20, 1903. No fire in fact, and no damage from fire, occurred in that portion of the Masonic Temple block, and appellee's rights under its lease remained wholly unaffected by the fire which damaged other parts of the block.

Second. That even if the premises leased to appellee, one of the stores on the ground floor of the Masonic Temple block, had been so far damaged by fire as to render it untenantable for the purposes for which it was leased, the appellee had, by the express

terms of clause A. of the lease, vested in it, and not in the appellants, the option in such event to hold or cancel the lease.

Third. That the Masonic Temple block was not destroyed by the fire of Nov. 20, 1903, and was damaged at most less than fifty per cent. of its value. The fire would not have canceled appellee's lease if it had covered the entire block. The appellee's lease, however, was not of the entire block, but of one of a number of stores, separated from each other by substantial brick walls, having separate entrances and exits, holding no right or easement in common, distinct in every respect as any buildings can be, with nothing in common but the roof which covered the entire block from Jefferson street to Green street.

Fourth. There is no clause in appellee's lease providing for its cancellation in the event of damage, or destruction by fire of any store or apartment in the block other than that leased to appellee. The parties could by their contract have covered such contingency. Even if the failure to make such provision in the lease worked a hardship upon appellants (and it does not) the circumstance would not, it is well settled, authorize the court to import such provision into the lease and thus make a new contract for the parties. Much less will the court import a clause into the lease which would operate to entail a loss of thousands of dollars upon appellee.

Fifth. The conduct of appellants in denying appellee's right under the provisions of clause 12 of the lease, to compensation for vacating the premises while the work of reconstructing or remodeling the building shall be in progress, and in assailing appellee's title to and beneficial enjoyment of its leasehold, by notifying appellee to vacate, and denying at the same time appellee's right to return and re-occupy, for the term of its lease, the premises when the work of reconstruction should be completed, was inequitable and grossly oppressive.

Sixth. The law of Kentucky recognizes no difference between the rights or liabilities of the lessee of an entire building or block and those of the lessee of a part only of a block or building.

Seventh. The rule everywhere recognized is that a fire by which leased premises are damaged merely, but not destroyed, does not cancel the lease; a fortiori a fire which merely damages other parts of the block or building but does no damage to the leased premises, does not cancel the lease.

We earnestly and confidently ask for an affirmance of the judgment appealed from,

AUTHORITIES CITED.

Helburn v. Mofford, 7 Bush, 169; Ward v. Adams, 8 Ky. Law
Rep., 769; Ky. Stats., sec. 2297; Walcott v. Ashenfelter, 22 L. R.
A., 613; Lawson's Rights, Remedies and Practice, vol. 6, pp. 4603-
4604; Graves v. Berdan, 26 N. Y., 500; Winton v. Cornish, 5 Ohio,
303; Stockwell v. Hunter, 11 Met. (Mass.), 448; Alexander v.
Dorsey, 12 Ga., 12; McMillan v. Soloman, 42 Ala., 364; Harrington
v. Watson, 11 Ore., 143; Smith v. McLean, 22 Ill. App., 453; Smith
v. McLean, 123 Ill., 218-219; Nonotuck Silk Co. v. Shay, 37 Ill. App.,
544; Wood on Landlord and Tenant, vol. 1, p. 814; Am. & Eng.
Ency. of Law (2d Ed.), vol. 18, pp. 308 and 309.

OPINION BY JUDGE NUNN—Affirming.

By lease dated July 1, 1901, appellants rented to·
C. J. Rosenham & Co., for use as retail drug·store, that
part of the Masonic Temple building, on the ground
floor, which is at the northeast corner of the building,
fronting on Jefferson street 20 feet and 6 inches.   In
the lease the parties attempted to. give the metes and
bounds of the room leased.   The lease extended from
July 1, 1901, to January 1, 1905, at an annual rental of
$4,500, payable in monthly installments.   On May 13,
1903, Rosenham & Co. assigned the benefit of their
lease to the appellee for a consideration of $8,000 for
the good will of the establishment, and $10,600 for the
stock of drugs then in the store.   Appellants con-
sented to this transfer, and on the same day made an
extended lease with the appellee for the same
premises; carrying the term from January 1, 1905,
to January 1, 1910, at an annual rental of $5,500, pay-
able in monthly installments.   The appellee took pos-
session of the store in May, 1903, after putting im-
provements thereon costing $12,000, and opened the
store to the public about the middle of July, 1903.
The Masonic Temple building, in which this drug store
was located, consisted of a large four-story building,
fronting 75 feet on Jefferson street, and extending
back 210 feet to Green street.   Besides the Fowler

drug store, there were five other storerooms fronting
on Fourth street, and two others fronting on Jefferson
street.   The second story of the building consisted of
several offices fronting on Jefferson street, a large
billiard room fronting on Green street in the rear, and
the Masonic Temple Theater, which occupied the
central portion of the second and third stories of the
building; the third and fourth stories except that part
occupied by the theater, consisting of lodgerooms and
other similar rooms.   On November 20, 1903, a part
of the building was destroyed by fire, without the
fault or neglect of either party to this suit.   The fire
originated either in the lodgerooms in the third story,
or in the theater proper, adjacent thereto.   The re-
sult of the fire was a total destruction of the theater
portion of the building above the second story, the
destruction of some of the lodgerooms, and consider-
able damage to the rooms in the second story by reason
of water thrown in the building by the firemen.   The
drug store of the appellee was not damaged any by
the fire, and but little by the water.   It had a steel
ceiling, over which there was the floor of the second
story, and over this the floor of the third story was
intact.   The floor of the theater was not damaged by
fire, and, being a slanting floor, it carried away the
water from that portion of the building occupied by
the drug store.   The lease provides that the Fowler
Drug Company "shall take good care of the premises
and return the same at the expiration of the term in
as good order as received, ordinary wear and tear and
natural decay, excepted, unless the improvements
should be destroyed by lightning or other natural
causes, or fire not caused by their default.   If destruc-
tion as aforesaid, total or partial, ensues so as to make
the premises untenantable for the purposes desired,
the lessee may surrender and cancel this lease."   The

twelfth clause of the lease provides as follows: "In
the event that the owners of the property should de-
sire to remodel the building so far that it would neces-
sitate the tenant removing from the premises, the
tenants are to receive, should they move within twelve
months from date of lease, $5,000, within two years
$4,000, within three years $3,000, within four years
$2,000, and at shorter period previous to the expira-
tion of their lease $1,000, the tenant to have the right
to re-occupy the premises after the building is re-
modeled at same rental and continuing occupancy un-
til expiration of lease."

On December 26, 1903, the appellee brought this
suit, alleging that there was a mistake in the descrip-
tion of the store rented, in that the third call had been
omitted, and that appellants were contending that
appellee's lease had been terminated by the fire, and
that they were about to compel or force the appellee
to remove from the premises, without recognizing the
provisions of the lease. It asks that the error in the
description be corrected; that appellants be enjoined
and restrained from remodeling the Masonic Temple
building in a manner that would require the appellee
to remove from the leased premises, unless they would
recognize appellee's right to re-enter under the terms
of the lease; that the cloud upon appellee's title to
the leased premises caused by the alleged wrongful
and illegal statements and declarations of appellants
be removed; and, that the lease be adjudged to be in
force. The answer consists, first, of a traverse of the
material allegations of the petition, and of a second
paragraph which pleads, in substance, that appellee
took no interest in the land underlying the storeroom
rented to it, and that the Masonic Temple building was
completely destroyed by fire, which resulted in the
dissolution and revocation of the lease.

Sec. 2997 of the Ky. Stats. of 1903 provides as follows: "Unless the contrary be expressly provided for in the writing, no agreement of a lessee that he will repair, or leave the premises in repair, shall have the effect of binding him to erect similar buildings, if without his fault or neglect the same may be destroyed by fire or other casualties; nor shall a tenant, unless he otherwise contracts, be liable for the rent for the remainder of his term of any building leased by him, and destroyed during the term by fire or other casualties without his fault or neglect." The appel·lants rely upon the alleged total destruction of the Masonic Temple building by fire as having worked, in law, a dissolution of the lease between the parties. This might be correct if there had been a total destruction of the building. But the proof shows that the room leased by the appellee was not injured, and appellee has continued to occupy it for the purposes for which it was leased from that time to the present. In the case of Smith v. McLean, 123 Ill., 219, 14 N. E., 51, the court said: "The contention, it will be observed, requires that the part of the building or the rooms or the apartments demised shall be destroyed; and this must mean not merely damaged or injured, but annihilated, for, if they remain in but a damaged condition, the tenant may still occupy them, repair the damage, and restore them to their former condition, if he will." The facts in the case of Nonotuck Silk Co. v. Shay, 37 Ill. App., 544, were similar to those in the case at bar, except the injuries to the leased premises in that case were greater, and the court there said: "The evidence shows very clearly that the premises were not destroyed. They were damaged, but capable of repair. The walls were standing, and the floor substantial, though covered with debris and ice, and in the ceiling a small hole had been burned or broken

through. It is said that it should have been left to the jury to say whether there was in fact a destruction of appellant's portion of the building. There was no dispute as to the actual condition of the premises, and a finding that they were destroyed could not stand. ,If it be admitted that the question was one for the jury, still the fact must have been found, as the court, in his instruction, assumed it to be, that there was no destruction of, but only a damage to, the premises.'' In 18 Am. & Eng. Enc. of Law (2d Ed.), 308, we find the following language: ''Thus, when apartments in a building are leased without carrying any interest in the land, the destruction of the apartments or building releases the tenant from liability for further rents. It is necessary, however, that they should have been totally destroyed, so that nothing remains upon which the demisees may continue to operate. It is not enough that, by reason of fire or other casualities, they are rendered untenantable, provided the apartments, as such, still exist.'' The author cites many authorities to sustain this view, and cites one case (Helburn & Co. v. Mofford, &c., 7 Bush, 169) as contra. The opinion in the case last mentioned was written before the enactment of the statute above quoted, which statute enlarged the powers of the lessee by giving him the power to elect to declare the lease at an end when there is a destruction of the leased premises. The trend of the authorities is to the effect that unless the premises demised to the tenant, whatever they be, are destroyed, the lease is not dissolved, and the rights of the parties, lessor and lessee, remain unaffected.

We are of the opinion that the appellee is entitled to hold under its lease, unless the appellants choose to exercise their right by requiring it to remove under the twelfth clause thereof, and to have a correction

of the clerical error in the description of the leased premises which is conceded by the pleadings.

We have been aided to a great extent in the preparation of this opinion by the able opinion of the lower court.

Judgment affirmed.