BOWEN *v.* CLEMENS.

</div>

1. LANDLORD AND TENANT — LEASE — RENT — DESTRUCTION OF PROPERTY.

Destruction by fire of a building leased for saloon purposes does not relieve the tenant from payment of the stipulated rent, where the lot leased was larger than the building and the lessee could have rebuilt the store, without committing trespass, although the landlord collected insurance on the property.[1]

2. DEEDS—CONVEYANCES—COVENANTS—QUIET ENJOYMENT.

Accidental injuries to premises occupied under a lease do not constitute a breach of the covenant for quiet enjoyment.

Error to Cheboygan; Shepherd, J. Submitted February 25, 1910. (Docket No. 16.) Decided June 6, 1910.

Assumpsit by David Bowen against Jerome T. Clemens for rent. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Charles R. Henry*, for appellant.

*Frost & Sprague*, for appellee.

------------

[1] As to rights and liabilities of tenant on destruction of leased building, see note to *Porter* v. *Tull* (Wash.), 22 L. R. A. 613.

MOORE, J. On the 9th day of October, 1905, one Carl Theis rented lot 5 in block 3 of the village of Tower, and all buildings thereon, for the term of six years from and after May 1, 1904, to be occupied for saloon purposes, at the stated price of $25 per month for the property. The lease contained the usual covenant for quiet enjoyment, and a covenant on the part of the lessee to keep the premises in the usual repair; damage by the elements excepted. After the making of this lease, the defendant entered into possession of the premises and occupied the same according to the terms of the lease until the 15th of January, 1908, when the building was destroyed by fire without the fault of the defendant. The lessor, Theis, assigned his right of action to plaintiff, and he brings suit to recover the stipulated rent for the period since the destruction of the building by fire.

The defendant contends that, where the property leased is destroyed by fire and rendered worthless for the purpose for which it was intended, this relieves the lessee from the payment of rent. There is a line of cases which hold that where the property leased is a portion of a building, and it is destroyed or damaged so that the lessee may not, without trespassing upon other's rights, enter to repair or rebuild, these circumstances excuse the lessee from the payment of rent. The test seems to be whether the lessee has the right to go on and rebuild, and whether the loss covers the land as well as the building. In the present case, there was a lot larger than the building, and it was occupied by one William Downs, a tenant of the defendant. The case in all essential particulars is ruled by our own two cases of *Chesebrough* v. *Pingree*, 72 Mich. 438 (40 N. W. 747, 1 L. R. A. 529), and *Lieberthal* v. *Montgomery*, 121 Mich. 369 (80 N. W. 115). We discover nothing to distinguish the present case from the case last cited. The suggestion that there is something in the contract relation which changes the rule is based apparently upon the covenant for quiet enjoyment. But accidental injuries to the premises from natural causes,

which interfere with the lessee's enjoyment of the premises, are not considered a breach of the lessor's covenant for quiet enjoyment. 18 Am. & Eng. Enc. Law (2d Ed.), p. 628. The fact that the building was damaged and that the owner recovered the insurance does not release the lessee from the payment of the rent. 18 Am. & Eng. Enc. Law (2d Ed.), p. 308, and cases cited.

We think no error was committed in the case.

Judgment is affirmed.

OSTRANDER, HOOKER, BLAIR, and STONE, JJ., concurred.