JAPHET et al. v. POLEMANAKOS.

(Court of Civil Appeals of Texas. El Paso. Oct. 23, 1913. Rehearing Denied Nov. 13, 1913.)

LANDLORD AND TENANT (§ 192*)—RIGHTS OF LESSEE—DESTRUCTION OF IMPROVEMENTS.

The lessee of a freehold is liable for the rent, even after the improvements are destroyed by fire, unless the lease expressly relieves him from such liability or the lessor has covenanted to rebuild in case of fire.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 777, 778, 781, 784–786; Dec. Dig. § 192.*]

Appeal from District Court, Harris County; Charles E. Ashe, Judge.

Action by A. D. Polemanakos against Dan A. Japhet and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, for appellants. L. B. Moody, of Houston, for appellee.

HIGGINS, J. On August 2, 1906, E. D. Polemanakos, ancestor of appellee, by a written contract, leased to appellants for five years, beginning September 1, 1906, at a monthly rental of $200 per month, a part of lots 1 and 2 in block 61, in the city of Houston, together with all improvements thereon. Appellants remained in possession of the premises and paid all of the rental installments thereon until April 1, 1911, upon which date the improvements upon the premises were destroyed by fire, thereby rendering the premises useless to appellants. At the time of the execution of the lease contract there was a two-story building situated upon the premises, which was leased and used by appellants, the lower story for a saloon and the upper story for a rooming house. The lots, without the building, had no rental value. The improvements were not replaced upon the premises and appellants failed and refused to pay the rental installments falling due after March 1, 1911. This suit is to recover the same, and in the trial court resulted in a judgment for the same in favor of Polemanakos.

The issue involved upon this appeal is whether or not the destruction of the improvements upon the premises by fire relieved the lessees from further liability for rent. The decisions of this state are adverse to appellant, and it seems that the great and overwhelming weight of authority is to the effect that the lessee of lands upon which the improvements are destroyed by fire subsequent to the execution of the lease contract cannot be relieved against an express covenant to pay rent, unless it is so stipulated in the contract, or the lessor has covenanted to rebuild. In the instant case there was no stipulation relieving appellants from their covenant to pay rent in case the improvements were destroyed by fire, nor was there any covenant by the lessor to rebuild the same, and it being a lease of the freehold, rather than of the improvements alone, the trial court did not err in rendering judgment for the unpaid rental installments. Diamond v. Harris, 33 Tex. 636; Chambers v. Mattingly (Tex. Civ. App.) 103 S. W. 663; Taylor on Landlord & Tenant (3d Ed.) §§ 375, 376; Lincoln Trust Co. v. Nathan, 175 Mo. 32, 74 S. W. 1007; Nashville C. & St. L. R. R. Co. v. Heikens, 112 Tenn. 378, 79 S. W. 1040, 65 L. R. A. 298; Sun Ins. Office v. Varble, 103 Ky. 758, 46 S. W. 486, 41 L. R. A. 793; Craig v. Butler, 156 N. Y. 672, 50 N. E. 962; Arbenz v. Exley, Watkins & Co., 52 W. Va. 476, 44 S. E. 149, 61 L. R. A. 958; Felix v. Griffiths, 56 Ohio St. 39, 45 N. E. 1092; Lanpher v. Glenn, 37 Minn. 4, 33 N. W. 10, 11; Sedalia Planing Mill & Lbr. Co. v. Swift & Co., 129 Mo. App. 471, 107 S. W. 1093; Kennedy v. Watts, 142 Mo. App. 103, 125 S. W. 211; Bowen v. Clemens, 161 Mich. 493, 126 N. W. 639, 137 Am. St. Rep. 521; Roberts v. Lynn, 187 Mass. 402, 73 N. E. 523; Davis v. George, 67 N. H. 393,

39 Atl. 979; Richmond Ice Co. v. Crystal Ice Co., 103 Va. 465, 49 S. E. 650; Fleming v. King, 100 Ga. 449, 28 S. E. 239; Stautz v. Protzman, 84 Ill. App. 434; Moran v. Bergin, 111 Ill. App. 313; Ward v. Adams, Trustee, 8 Ky. Law Rep. (abstract) 769; Paxson Comfort Co. v. Potter, 30 Pa. Super. Ct. 615; Chamberlain v. Godfrey's Adm'r, 50 Ala. 530; Cook v. Anderson, 85 Ala. 99, 4 South. 713; Buerger v. Boyd, 25 Ark. 441; Peterson v. Edmonson, 5 Har. (Del.) 378; White v. Molyneux, 2 Ga. 124; Womack v. McQuarry, 28 Ind. 103, 92 Am. Dec. 306; Helburn v. Mofford, 7 Bush (70 Ky.) 169; Fowler v. Payne, 49 Miss. 32; Gibson v. Perry, 29 Mo. 245; Gates v. Green, 4 Paige (N. Y.) 355, 27 Am. Dec. 68; Patterson v. Ackerson, 1 Edw. Ch. (N. Y.) 96; Linn v. Ross, 10 Ohio, 412, 36 Am. Dec. 95; Mannerbach v. Keppleman, 2 Woodw. Dec. (Pa.) 137; Bussman v. Ganster, 72 Pa. 285; Waite v. O'Neil (C. C.) 72 Fed. 348; Beach v. Farish, 4 Cal. 339; Cowell v. Lumley, 39 Cal. 151, 2 Am. Rep. 430; Ward v. Bull, 1 Fla. 271; Robinson v. L'Engle, 13 Fla. 482; Coy v. Downie, 14 Fla. 544; Lamott v. Sterett, 1 Har. & J. (Md.) 42; Fowler v. Bott, 6 Mass. 63. Had the improvements only been leased, their destruction would probably have relieved the lessees from their covenant to pay rent (Behan v. Ghio, 75 Tex. 87, 12 S. W. 996), but this rule would not apply under the authorities cited above, where an estate for years in the freehold passed by the contract.

Affirmed.