[No. 21986. *En Banc.* September 13, 1929.]

THE STATE OF WASHINGTON, *on the Relation of* OATEY ORCHARD COMPANY, *Plaintiff*, v. THE SUPERIOR COURT FOR CHELAN COUNTY *et al.*, *Respondents.*[1]

*Barrows & Gemmill* and *A. N. Corbin*, for relator.
*Adams & Driver* and *C. F. Wallace*, for respondents.

MAIN, J.—An action was brought to recover the sum of $23,369.49, alleged to be the balance due for a quantity of apples sold and delivered. The defendants William Joseph and George F. Joseph are residents of the state of New York. The other defendants are residents of the state of Washington. August 17, 1927, Isenhart Orchard Company sold to William Joseph and George F. Joseph a highly developed tract of orchard land in Chelan county, the purchase price of which was $75,000. This was an executory contract and called for payments to be made from time to time.

[1] Reported in 280 Pac. 350.

There was the usual forfeiture clause in the event that the purchasers failed to meet the payments or perform any of the conditions imposed upon them by the contract. At the time the action was instituted, the purchasers were not in default in any respect, and had paid upon the contract more than $40,000. After the contract was executed, in accordance with its terms, the purchasers went into the possession of the property and, since that time, have continued in possession, caring for the same, harvesting and disposing of the crops. Service upon the nonresident Josephs was attempted to be acquired by publication. At the time the action was instituted, an attachment was sued out and levied upon the property described in the contract. The Josephs, the nonresident defendants and the purchasers under the contract, appeared specially and moved to quash the service and discharge the attachment. This motion was heard on affidavits, and resulted in an order quashing the service, which order presents the only question here for consideration.

The orchard company says that, under the contract, the purchasers had such rights that it had a right to levy an attachment upon the property described in the contract in the manner in which the statute provides for the levying of attachments upon real property. The Josephs say that the purchasers under the contract had no interest in the property which was subject to be attached as real property and therefore the trial court properly quashed the service.

Section 659, Rem. Comp. Stat., which covers the matter of the manner of executing a writ of attachment, in part, provides as follows:

"The sheriff to whom the writ is directed and delivered must execute the same without delay, as follows:

"1. Real property shall be attached by filing a copy

of the writ, together with a description of the property attached, with the county auditor of the county in which the attached real estate is situated; . . ."

It will be observed that the statute uses the words, "real property," which have a comprehensive meaning. They include not only land and whatever is erected or growing thereon, or affixed thereto, but also rights issuing out of, annexed to and exercisable within or about the land. In Bouvier's Law Dictionary, "real property" is referred to as follows:

"Land, and generally whatever is erected or growing upon or affixed to land. *Lanpher v. Glenn,* 37 Minn. 4, 33 N. W. 10. Also rights issuing out of, annexed to, and exercisable within or about the same . . ."

Under the contract above mentioned, the Josephs had a right to the possession of the land, the right to the dominion and control thereof, the right to care for, cultivate and harvest the crops grown thereon. These are rights which do not rise to the dignity of title, either legal or equitable, but which are annexed to and are exercisable with reference to the land, and therefore come within the designation of "real property."

The case of *Ashford v. Reese,* 132 Wash. 649, 233 Pac. 29, and the cases upon which that case is based, hold that the purchaser under a contract such as the one involved in this case has no title, either legal or equitable, to the land, until the full consideration has been paid. It was not held in *Ashford v. Reese,* or in any of the cases upon which that case is based, that a purchaser under such a contract as is here involved did not have any rights thereunder which were annexed to or exercisable with reference to the land.

In *Oliver v. McEachran,* 149 Wash. 433, 271 Pac. 93, it is said:

"But appellants, adopting language used by the minority in *Ashford v. Reese, supra,* argue that re-

spondents' possession and claim of right, being based upon no title, gave no notice of any title or right in them. It is true that, under the doctrine of the *Ashford* case, respondents had no title and therefore appellants could have received no notice of what did not, in fact, exist; but neither in the *Ashford* case or elsewhere has this court said that a purchaser in possession under an executory contract has no rights. Undoubtedly such purchaser does have a right of possession and a right to acquire title in accordance with the terms of the contract. Such rights, though not amounting to title, are substantial rights such as one having notice and knowledge is bound to respect. . . ."

In *Casey v. Edwards*, 123 Wash. 661, 212 Pac. 1082, there was language used, which was not necessary to the decision in that case, to the effect that the purchaser of land under an executory contract which contained a forfeiture clause had only a personal property right prior to the time that the consideration had been fully paid. The language of that case, so far as it is out of harmony with what is hereinbefore said, will be considered set aside.

The Josephs, in the case now before us, having rights in the property covered by the contract which come within the designation of real property, the attachment was properly levied in the manner provided for the levy of the writ upon real property.

The judgment will be reversed and the cause remanded.

BEALS, FULLERTON, PARKER, MILLARD, HOLCOMB, and TOLMAN, JJ., concur.

FRENCH, J. (concurring)—I think the result reached in this case is correct, for the reason that I believe the purchaser of land under an executory contract has some right, title and interest in the land. In this case, as stated in the majority opinion, the Josephs had a right to the possession of the land and the right to care

for and crop the same, and title to land is ". . . the means whereby the owner of lands hath the just possession of his property. Co. Litt. 345, 2 Blackstone's Commentaries, 195." Bouvier's Law Dictionary.

" 'Possession itself is a species of title, of the lowest grade it is true; . . .' " 2 Tiffany, Real Property (2d ed.), p. 1978, note.

I think the majority opinion is entirely out of harmony with both *Ashford v. Reese,* cited therein, and also *Schaefer v. Gregory,* 112 Wash. 408, 192 Pac. 968, and that these cases should be expressly overruled. We have said in the last-mentioned case that,

". . . under the well settled law of this state, the vendee in a forfeitable, executory contract of sale has no legal or equitable interest in the property, the subject matter of the contract, . . ."

And we further held that he was not a necessary party in condemnation proceedings involving the taking of the property. If the prospective purchaser has no legal or equitable interest in the property which it is necessary to take in condemnation proceedings, it is not clear to me how he can have any rights in the property which can be reached by attachment.

I am unable to concur in the result reached in this opinion without expressly overruling certain prior decisions of this court, two of which have been mentioned above.