## WHITE v. STEELE.
### No. 2462.

Court of Civil Appeals of Texas. El Paso.
Nov. 13, 1930.

Rehearing Denied Dec. 11, 1930.

Knollenberg & Cameron, of El Paso, for plaintiff in error.

J. Walker Morrow and Fryer & Cunningham, all of El Paso, for defendant in error.

WALTHALL, J.

P. C. Steele brought this suit against James C. White, alleging that under and by virtue

of a certain lease contract of date May 18, 1929, plaintiff leased to defendant a certain storeroom in the Hotel Sheldon building, under the terms of which contract defendant became obligated to pay plaintiff the sums for which he sues; that defendant entered and held possession of said premises under said contract until the rent for which he sues became due and payable.

Defendant White answered substantially as follows: A plea in abatement that he and plaintiff entered into a lease contract by the terms of which defendant should occupy the premises described for two years from June 1, 1928, with an extension agreement, as in said lease; that Steele upon the expiration of the lease by lapse of time, and not otherwise, would execute to White, and would accept a lease upon said premises for three years from June 30, 1930, with the same terms and conditions as in said executed lease; that on April 9, 1929, the Hotel Sheldon building, or more than 50 per cent. of its value, was totally destroyed by fire; that on account of the destruction of said building the relation of landlord and tenant, as theretofore existed, did not exist between plaintiff and defendant after said fire; that plaintiff had no right under said lease contract to collect rent from defendant after the destruction of said building by fire on April 9, 1929; that plaintiff had the entire building leased from Albert Mathias, the owner, who elected not to rebuild; and that by reason thereof plaintiff's rights under the lease contract terminated. Defendant prayed that plaintiff's suit be abated. The court overruled the plea.

Defendant further answered by general denial; specially denied that there was a lease contract in effect, between plaintiff and defendant after the destruction of the building on April 9, 1929.

White admits that he occupied said premises after April 9, 1929, and until August 20, 1930, but not as plaintiff's tenant; pleads that the lease contract between the owner of the building and Steele provides that Steele should pay to the owner his rent in monthly payments in advance, "unless the premises are destroyed or rendered untenantable by the act of God or the public enemy, or other cause beyond the control of the parties of the second part."

White alleges the destruction of the building by fire, a cause beyond the control of Steele.

White pleaded a cross-action in damages against Steele. The court dismissed White's cross-action.

The case was tried to the court without a jury. Judgment was rendered for the plaintiff Steele for $600. White prosecutes this appeal by writ of error.

## Opinion.

The court made no findings of fact. The facts controlling the rights of the parties are undisputed, and the issues presented, as we view it, are purely matters of law.

Steele brought this suit on the lease or rental contract between himself and White. The contract states the amount of the annual rent to be paid to Steele by White, to be paid in equal monthly installments in advance. White had paid all the rent due under the contract to the time of the fire, which occurred on April 9, 1929. The rent contract extended from June 1, 1928, to June 30, 1930. White continued to occupy the rented premises after the fire up to August 20, 1929. This suit is on the rent contract and for the rental value of the premises as provided in the rent contract for the time White occupied the premises after the fire; that is, from April 9 to August 20, 1929. The Hotel Sheldon building was several stories in height, was used by Steele as a hotel at all times, except as to a number of rooms on the lower floor of the building which were rented and used by tenants for business purposes, in no way connected with the business of the hotel. White's business was that of real estate and insurance and the rental contract confined his use of the premises to his business as stated. White occupied rooms on the ground floor and on the east side of the hotel building. The fire started on one of the upper floors of the building and apparently on the west side. The fire resulted in a total destruction of the roof and upper portion of the building, its water and light system to all parts of the building, and destroyed the entire building to more than 50 per cent. of its value. The city of El Paso acting under a city ordinance refused a repair and rebuilding of the entire hotel building, gave notice to Steele and tenants to vacate, and had the building torn down. After the fire the entire building was roped off, though some of the tenants on the ground floor on the east side, including White, continued to occupy the building until the extent of the damaged condition of the building after the fire was determined by the city, and the city was ready to begin to raze the building. After the fire, on account of the condition of the building, Steele was not able to further carry out the provisions of his lease contract with the tenants; he ceased operating the building as a hotel under his lease contract with the owner, and moved out of the building.

There is no stipulation in the lease contract between Steele and White that relieves White against liability to pay rent on account of the destruction of the building by fire, nor is there a covenant in the lease that requires Steele, the lessor, to repair or rebuild.

Albert Mathias owned the Hotel Sheldon building, and Steele was his tenant for a

number of years, including the time involved here, of the entire building under a lease contract with the owner. That lease provided that the lease shall run for ten years from June 24, 1920, "unless the premises are destroyed or rendered untenantable by the act of God or the public enemy or other cause beyond the control of the parties."

■ There is nothing, however, in the lease contract between the parties in this suit which, by its terms, connects the lease between them with the lease between the owner of the building and Steele, or which refers to that lease in any way, or which makes the lease between Steele and White dependable upon the termination of performance of that lease. In the lease here Steele is the landlord and White is his tenant, not Mathias' tenant. The condition above quoted in the Mathias-Steele lease is not found in the Steele-White lease. We think the stipulation in the Mathias-Steele lease which terminates that lease has no controlling effect upon the Steele-White lease.

But the issue presented here is not the question of the termination of either lease by the fire. Conceding that both leases were terminated by the fire, as they were on the partial destruction of the building to the extent of rendering White's rooms untenantable, that is, not just what he leased and agreed to pay for, but White covenanted with Steele to pay rent for his lease term and the issue presented is whether the destruction of the building relieved him from his express covenant to pay rent after its partial destruction by fire.

The question presented by the facts is White's liability for rent on the rental contract between himself and Steele, for the time he occupied the building after the fire.

Appellant refers us to Japhet et al. v. Polemanakos, 160 S. W. 416, 417, by this court. The issue involved in that case was whether or not the destruction of the building by fire relieved the lessee from further liability for rent, and it is there held that the lessee would not be relieved against a covenant in the lease to pay rent for the unexpired term of the lease after the destruction of the building by fire, "unless it is so stipulated in the contract, or the lessor has covenanted to rebuild." As stated, such stipulation or covenant is not contained in the lease contract in the instant case.

In Diamond v. Harris, 33 Tex. 634, it is held that the burning of the house during the tenant's term, in the absence of any covenant against loss by fire, is no defense against the payment of the rent for the whole term. In Dallas Opera House Ass'n v. Dallas Enterprises, Inc. (Tex. Civ. App.) 288 S. W. 656, the Austin court held that lessee must pay rent after destruction of leased building by fire in the absence of a contrary provision in the lease.

The above is a common-law rule of decision, which we have adopted in this state.

The opposite to the above is the civil law rule, and in most jurisdictions which do not follow the common-law rule of decision. The question is discussed in 16 R. C. L. p. 956 et seq.

As we view it, Steele was not liable on the matters complained of in White's cross-action.

Finding no reversible error, the case is affirmed.

### On Motion for Rehearing.

We have concluded that we were in error in the application of the general rule to the case at bar.

■ As argued by plaintiff in error in his motion for rehearing, there appears to be a well-established exception that in the leasing of rooms and apartments in buildings, a destruction of the building terminates the lease and with it the liability of the tenant for rents thereafter accruing. 16 R. C. L. § 469, and authorities cited; 36 C. J. § 1131; Jones v. Fowler Drug Co., 120 Ky. 157, 85 S. W. 721, 9 Ann. Cas. 105, note page 107; Beham v. Ghio, 75 Tex. 87, 12 S. W. 996; Japhet v. Polemanakos (Tex. Civ. App.) 160 S. W. 416.

The above authorities seem also to apply the exception in cases where the lease is for the improvements only and does not include the freehold.

It appears to us that plaintiff in error's liability in this case depends upon two questions, viz.: (1) Did the lease here involved convey the freehold? and (2) were the improvements completely destroyed?

Generally, a lease demising a portion of a building does not give lessee any interest in the land, beyond that directly connected with the leased apartments, as such lease is a letting of the apartments and not of the land. 36 C. J. § 628, and here the leasehold being described as a storeroom in the Sheldon Hotel Building evidently conveyed only the storeroom.

Section 355 of the Ordinances of the City of El Paso reads:

"Any building that is damaged by fire less than 50 per cent. of its value in the opinion of the City Building Inspector may be repaired with the same class of material as the original building is constructed of. If, however, in the opinion of the City Building Inspector it is damaged more than 50% of its total value it shall be reconstructed with a type of building to conform to the Building Code, according to its location and use."

Plaintiff in error contends that a finding by the city building inspector that the Sheldon Hotel building was damaged more than 50 per cent. of its value by the fire in view of the above ordinance was, in effect, a total destruction as a matter of law, and that by reason

thereof, the lease between the parties terminated upon the happening of the fire.

We do not so construe the ordinance.

There is nothing in the record before us to show that the Sheldon Hotel building was built of a different type than that provided in the Building Code in force at the time of the fire, and we have no way of knowing whether the building could have been rebuilt of the same material used in the ·original .construction.

As we view the question of whether or not, under this record, that portion of the building leased by plaintiff in error was totally destroyed, was one of fact, which the trial court was called upon to decide. .

Plaintiff in error testified as to the condition of his part of the building as did also defendant in error, and we must conclude that the trial court decided from that evidence that there had not been a total destruction of the demised premises.

The motion for rehearing is therefore overruled.