IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

JANUARY TERM, 1860, AT JEFFERSON CITY.

———————

GIBSON, Defendant in Error, v. PERRY et al., Plaintiffs in Error.

1. Where premises are leased for a term of years and the lessee agrees to pay rent during such term, and the lessor does not covenant to rebuild, the destruction by fire of the buildings rented will not exempt the lessee from the further payment of rent; he must pay rent for the whole of the term.

*Error to Cooper Circuit Court.*

The plaintiff by agreement not under seal leased to the defendants a storehouse in the city of Boonville for a term of four years from the 14th of February, 1856. By this agreement the lessees engaged " to pay rent therefor quarterly, annually, at the rate of four hundred and fifty dollars a year, that is to say, the sum of one hundred and twelve dollars and fifty cents on the 15th day of May, 1856, and the like sum at the end of every three months thereafter during the continuance of this lease." This suit was brought to

recover the rent alleged to be due for a quarter ending February 14, 1859. The defendants set up in their answer that the quarter's rent sued for accrued after the destruction by fire of the storehouse rented by them; that after the fire they demanded of the plaintiff that he should rebuild the storehouse or they would abandon and surrender the ruins; that plaintiff refused to rebuild, and defendants tendered and abandoned the ruins to him. The court, on motion of plaintiff, struck out this answer.

*Muir & Draffin* and *Douglass & Hayden*, for plaintiffs in error.

I. The court erred in striking out the answer. It set up a good and valid defence. The tenants were not bound to pay rent after the destruction of the house by fire.

*Adams* and *Stephens & Vest*, for defendant in error.

I. The defendants were bound to pay rent notwithstanding the destruction of the building by fire. The obligation of the defendants was created by their own contract. (See 15 Mo. 469; Ld. Raym. 1477; Chitty on Contr. 274; 2 Parsons on Contr. 184; 3 Kent, Comm. 467; Smith L. & T. 258; 2 Bouvier's Inst. 208; 1 Bibb, 536; 12 B. Monr. 254; Woodf. L. & T. 323.)

EWING, Judge, delivered the opinion of the court.

The law of this case has been long settled, and is supported by reason as well as authority.

The obvious principle, upon which the question has been determined by the adjudged cases, is that of an express covenant on the part of the lessee to pay the rent; that, having by his own contract created a duty or charge upon himself, he is bound to make it good if he may, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract. (15 Mo. 469.)

In some of the earlier English chancery cases there was some inclination to relieve the lessee from the consequences

of this covenant to pay rent where the premises had been destroyed by fire. Among these cases is that of Brown v. Quilter, Ambler 619, which is the only one cited by counsel for the plaintiffs in error. In that case, the circumstance upon which relief was founded was the fact that the lessor had insured the premises and received the insurance money after they were destroyed by fire. But that case, as well as that of Steele v. Wright, cited in Doe v. Standham, 1 T. R. 708, which is said to have been to the same effect, have been long since overruled, and a contrary doctrine has prevailed in the courts of equity, as well as courts of law, both in England and America—namely, that a lessee of premises, which are burned by fire, has no relief on an express covenant to pay rent, either at law or in equity, unless he has protected himself by a stipulation in the lease, or the landlord has covenanted to rebuild. (3 Kent, 467.)

The supposed hardship of this and like cases is found to have no real existence when the lease is viewed, as it should be, as a sale of the demised premises for the term for an agreed price. And whenever there is no covenant on the part of the lessor to insure against fire, nor any agreement to repair, the destruction of the property by fire, or any deterioration resulting from that or any other cause, is the misfortune of the lessee; and there is no principle of law or justice that would exonerate him from the charge which he has expressly and unconditionally imposed upon himself. The lessee, in such cases, has no greater claims for relief than parties to other classes of contracts which, having been deliberately entered into, have, by some unforeseen event or casualty, proved to be unremunerative or disastrous. And the supposed hardship of the case might be urged with equal plausibility as a ground of interference by the courts in almost all cases where, by reason of inevitable accident, one of the contracting parties has not derived the full measure of benefits he promised himself by the transaction. In cases like that under consideration, the same presumption exists and with like force as in other cases of sale of property—

namely, that the tenant takes the property subject to every casualty. When the lease is taken, the lessee expressly stipulating to pay rent, he can with no more propriety say he pays the rent unjustly when the premises are destroyed, than he could complain of paying the purchase money of any piece of property of which he might be deprived by accident after buying it and before payment. The cases are analogous. The judgment will be affirmed; the other judges concurring.