D. D. BURNES *et al.*, Respondents, v. A. H. FUCHS, Appellant.

### St. Louis Court of Appeals, December 20, 1887.

LANDLORD AND TENANT—DUTY OF REPAIR.—In the absence of an express undertaking to that effect, a landlord is not bound to keep the demised premises in tenantable repair, and it is no defence to a suit for the rent agreed upon, that the building had become dilapidated and unsafe, so that the tenant was compelled to leave it.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Affirmed.*

DYER, LEE & ELLIS, for the appellant: (1) The answer, if true, sets up a good defence to the plaintiff's

action. (2) The lease of certain rooms on floors in the building did not impose upon the appellant the duty of keeping in repair the entire premises, and if that portion not leased by him became so dilapidated, through neglect of the landlord, as to render it unsafe for the appellant to remain, then he was justified in quitting the premises, and no claim can be legally made of him for rent during the remainder of the term. (3) There was an implied agreement on the part of the respondents at the time of the lease to appellant that the premises should be kept in such repair as not to disturb the possession of appellant in the rooms leased to him. (4) The condemnation of the walls of the building by the city inspector was in law an ouster of appellant from his possession, and respondents cannot recover rent after such ouster. *Ward v. Fagin*, *ante*, p. 116.

FISHER & ROWELL, for the respondents : It is the settled law of this state that a tenant cannot defeat the collection of rent on the ground that the premises have become untenantable, in the absence of a covenant to repair. *Davis v. Smith*, 15 Mo. 467 ; *Gibson v. Perry*, 29 Mo. 245 ; *Peterson v. Smart*, 70 Mo. 34 ; *Wehrman v. Priest*, 12 Mo. App. 577 ; *Deutsch v. Abeles*, 15 Mo. App. 398 ; *Rogan v. Dockery*, 23 Mo. App. 313.

THOMPSON, J., delivered the opinion of the court.

When this case was called for trial the court, on an inspection of the pleadings, directed a verdict for the plaintiff ; and the only question for decision is, whether the answer sets up a defence to the action which is good in law. Briefly stated, the case exhibited by the pleadings is, that the plaintiffs leased to the defendant the first floor, and on the following day, the second and third floors of a three-story brick building in the city of St. Louis ; that the defendant took possession and paid rent for a time, when, without fault on the part of defendant, the premises became in such a dilapidated and dangerous condition that he could not with safety

further continue to occupy them; that he thereupon vacated them and refused to pay any further rent under the lease. It is incidentally stated that the dangerous condition of the premises became known to the authorities of the city; that an inspection was ordered by them, and that, in pursuance of an ordinance of the city, the plaintiffs were required to tear down the rear wall of the house and to rebuild the same. The present action is brought to recover the rent which accrued from the time when the defendant vacated the premises to the end of the term.

It is plain that the court properly directed judgment for the plaintiffs. The answer set up no defence, the damages were liquidated by the contract between the parties, and there was nothing for a jury to try. In the absence of an express warranty in a lease, that the demised premises are in good repair or fit for a particular use, the law does not imply such a warranty; nor does it give the tenant any remedy against the landlord for suffering them to get out of repair, unless the landlord has agreed to keep them in repair. *Rogan v. Dockery*, 23 Mo. App. 313, and cases cited; *Wehrman v. Priest*, 12 Mo. App. 577; *Peterson v. Smart*, 70 Mo. 34. In the absence of an express covenant, the landlord is not bound to keep the demised premises in repair, but the obligation to do so rests upon the tenant (*Deutsch v. Abeles*, 15 Mo. App. 398); and the lessee is bound to pay rent according to the terms of the lease, notwithstanding the premises may become, during the term, entirely uninhabitable and useless to him. In *Davis v. Smith* (15 Mo. 467), the lessees of a grist and sawmill and carding-machine were held bound to pay the rent stipulated for in the lease, notwithstanding the main posts in the building which supported all the machinery became decayed, in consequence of which the building fell and destroyed all the machinery. In *Gibson v. Perry* (29 Mo. 245) it was held that, where premises are demised for a term of years, and the lessee agrees to pay rent during such term, and the lessor does not covenant to re-build,

a destruction by fire of the buildings on the demised premises will not exempt the lessee from the further payment of rent, and that he must pay rent for the whole term.

There is nothing in the case of *Ward v. Fagin* (*ante*, p. 116), recently decided by this court and certified to the Supreme Court, which impugns the well-settled rules of law above stated. That case was decided on the proposition that an injury to the tenant accrued from the negligence of the landlord, in allowing a portion of the building which was in his exclusive possession, and which was not in the possession of the tenant at all, to get out of repair, and to injure the tenement which was occupied by the tenant and the tenant's goods therein. But here there is nothing whatever to show that the tenant was not in possession of the entire building, and that he was at liberty to make the necessary repairs of the rear wall if he had so desired. It was a three-story building, and he was the tenant of the three floors, and it does not even appear that there was a cellar. We may add that the ordinance of the city of St. Louis, which charges the owners of dangerous buildings with the obligation to repair, can have no influence in the decision of this question. As between the owner and the city, the obligation under such a police regulation may well rest upon the owner; and yet, as between the owner and his tenant, the rule of the common law will prevail, which casts the obligation upon the tenant. Moreover, in the present leases the lessee expressly covenants to repair.

The judgment will be affirmed. It is so ordered. All the judges concur.