[No. 917.   Decided May 24, 1893.]

A. H. PORTER, *Appellant*, v. F. M. TULL, *Respondent*.

LANDLORD AND TENANT — DESTRUCTION OF PREMISES — RECOVERY OF RENT PAID IN ADVANCE.

Where a building, occupied by a tenant under a lease whereby he covenants to pay a certain rental per month in advance, is destroyed by fire, the tenant may recover the money paid in advance for that portion of the month remaining after the destruction of the premises.

*Appeal from Superior Court, Spokane County.*

*Nash & Nash*, for appellant.

*Jones, Belt & Quinn*, for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action for the recovery of lease money paid in advance according to the terms of the lease. The respondent, F. M. Tull, the owner and lessor of the leased premises, rented and leased to A. H. Porter and C. F. Jackson certain rooms and portions of the building known as the Tull block, in the city of Spokane. The lessees paid the stipulated rent according to the terms of the lease, monthly in advance, including the month of Au-

gust, 1889.    On the 4th day of August, 1889, the build-
ing was destroyed by fire, and Porter for himself, and as
the assignee of Jackson, brings this action to recover from
Tull the money paid in advance for the remainder of the
month of August, 1889.

It is contended by the appellant that the authorities in
this country fully sustain the proposition that when there
is a total destruction of the subject matter of the lease the
. rent shall be apportioned, and the tenant is no longer liable
on his covenant.    This proposition is conceded by the re-
spondent so far as it applies to rent that is due for periods
subsequent to the term for which the rent is paid in ad-
vance; but he insists that a distinction must be made here,
and that inasmuch as the parties have contracted that the
money must be paid in advance, it follows that they have
apportioned the risk, or settled it between them; that the
tenant assumes the risk of losing the rent for the time for
which he has paid in advance, and the landlord assumes
the risk of losing subsequent payments, besides the loss of
his building.

We are unable to discover any real foundation in logic,
law or justice for this distinction.    The consideration, for
which the lessee pays a monthly rent in advance, is not
that he may be put in possession of the building for a day,
· or two days, or a week, but the real consideration is the
use and possession of the building for a month.    That is
the valuable thing for which he contracts and for which he
parts with his money; and there is an implied contract on
the part of the lessor to furnish him the use of the build-
ing for the time for which he pays for it.    It cannot be
presumed that because a lessee pays in advance that he has
in contemplation the fixing of a different degree of liabil-
ity in case of the destruction of the leased premises by fire;
neither is it so intended by the lessor.    It is simply a pru-
dential requirement on his part to secure the rent, and to

protect himself against the chances of losing it, and the inconvenience and trouble of collecting it. Conceding that the lessee is not liable for the destruction of the leased building for the remainder of the period for which the building was leased, there must be something more to warrant the presumption that the parties intended to establish a different degree of liability than the mere fact that the money was paid in advance. What difference can there be in principle, so far as fixing liability is concerned, whether the contract is to pay the rent monthly in advance or monthly at the end of the month?

Great stress is placed by respondent on the idea that the parties have made a positive contract, and that they are bound by its terms. The contract in one instance is as positive and binding as in the other, and the liability to pay at the end of the month is as much fixed by such contract as the liability to pay in advance is fixed by the contract, and the same reasoning that would prevent the recovery of the money paid in advance would compel the payment of the money under the other contract at the end of the month after the destruction of the building.

We are not cited to any adjudicated cases on this point. The reason probably is that no one has ever questioned the right of the lessee to recover money paid for that which he never received. We think the complaint states a good cause of action, and that the court erred in sustaining the demurrer. The judgment is reversed, and the cause remanded with instructions to overrule the demurrer, and to proceed in accordance with this opinion.

HOYT, ANDERS and SCOTT, JJ., concur.

STILES, J., dissents.