## LIEBERTHAL *v.* MONTGOMERY.

1. LANDLORD AND TENANT—DAMAGES BY FIRE—OBLIGATION TO PAY RENT.

   Damage to a building by fire will not relieve the lessee of a room therein from liability for rent, in the absence of a stipulation in the lease, where such room can be rendered tenantable by internal repairs, should the lessee choose to make them.

2. SAME—TERMINATION OF LEASE—SURRENDER OF PREMISES.

   A lessee of a room in a store building, and of land in the rear thereof, cannot claim a termination of the lease because of damage by fire to the building, without first surrendering the premises covered by the lease.

3. SAME—ADVANCE RENT—REPAYMENT—IMPLIED COVENANTS.

   A payment of rent in advance, under a lease which contains no covenant for repayment in case of fire, cannot be recovered back after fire has destroyed the leased premises, since, under 2 How. Stat. § 5655, no covenant can be implied.

Error to Dickinson; Steere, J., presiding. Submitted May 10, 1899. Decided September 27, 1899.

*Assumpsit* by Sadie H. Lieberthal against Mollie Montgomery to recover back an advance payment of rent. Defendant having died, the cause was revived in the name of her executor, Clinton W. Montgomery. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Cook & Pelham,* for appellant.

*John O'Hara,* for appellee.

LONG, J. The facts in this case are not in dispute. It appears that on May 28, 1897, plaintiff leased from the defendant's testatrix, for a term of 11 months from and after June 1, 1897, the following-described premises:

121 MICH.—24.

The south store room on the ground floor of the two-story brick building situated on lot 10, block 11, Iron Mountain city, and also the part of said lot back of said building; said part of lot to be used by plaintiff in common with other tenants in said building, if any there might be.    The premises leased were to be occupied for general store purposes.    The rental was $50 per month, payable in advance on the first day of each month, commencing on the first day of June, 1897.    The lease was in writing.    Plaintiff entered into possession of the premises under the lease, and paid rent, pursuant to the terms of the lease, down to and including the month of January, 1898.    The building was also occupied by other tenants and by the defendant's testatrix.    On January 10, 1898, the building was damaged by fire without the fault of either party, and the room occupied by the plaintiff was thereby rendered untenantable.    The outer walls, roof, and second story remained intact.    There was no covenant in the lease on the part of the lessor to repair, and the demised room was not repaired during the month of January.    There was also no covenant on the part of the lessor to refund any portion of the rent paid in advance in case the demised premises were rendered untenantable by fire or other casualty.    This action was commenced to recover the money paid in advance for the rent for the month of January.    The cause was tried in justice's court, where plaintiff had judgment.    On appeal to the circuit, the cause came on for trial, and after the plaintiff had introduced the lease in evidence, and stated the facts as above, the trial court directed the verdict in favor of defendant.    Plaintiff brings error.

The general rule is well settled that when the tenant covenants to pay rent, and does not provide against liability in case of destruction of the premises by fire or other casualty, he is bound, in the absence of statutory provisions or covenant on the part of the landlord to rebuild, to pay the rent.    12 Am. & Eng. Enc. Law, 741, and cases cited in note 1; *Porter* v. *Tull*, 22 L. R. A. 613 (6 Wash. 408, 36 Am. St. Rep. 172), and note.    There is an excep-

tion to this rule, however, where a room in a building is leased, and the whole building is destroyed by fire or other casualty, as the destruction of the building puts an end to the tenancy, and the tenant is not liable for rent accruing subsequent to such destruction. Counsel for plaintiff seek to bring the case within this exception. It appears, however, that the whole building was not destroyed, and there was no such destruction of the room as to deprive the tenant of the right of occupancy for the purpose of repairing the same so as to make it tenantable, if plaintiff elected to do so. There is no question of rebuilding the whole structure. It is simply a matter of internal repair. The lessor would have no right to enter to make such repairs without the consent of the lessee.

Another reason why the case does not come within the exception to the general rule is that the lease covered the use of the land in the rear of the building. There is no evidence in the case that the plaintiff surrendered the premises after the fire.

Aside from these considerations, there can be no recovery in this case. The advance payment was a voluntary one, and there was no covenant in the lease to repay the rent in case of fire. Under the statute (2 How. Stat. § 5655), no such covenant can be implied. *Cross* v. *Button,* 4 Wis. 468; *Copeland* v. *Goldsmith,* 100 Wis. 436.

The judgment below will be affirmed.

The other Justices concurred.