## SEDALIA PLANING MILL & LUMBER COMPANY, Respondent, v. SWIFT & COMPANY, Appellant.

### Kansas City Court of Appeals, February 17, 1908.

**LANDLORD AND TENANT: Rent: Destruction of Leased Premises.** Where the premises are leased for a term of years with the covenant to pay rent during the term and without the lessor's covenant to rebuild, the destruction by fire of the building rented will not exempt the lessee from the further payment of rent.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoffman*, Judge.

AFFIRMED.

*W. A. Collins* and *George F. Longan* for appellant.

(1)   Where the building destroyed constitutes the entire subject-matter of the contract or lease the leasee is relieved against an express covenant to pay rent. The consideration to the tenant to pay the rent is based upon his occupancy of the premises and the benefits derived therefrom. When the premises are destroyed the consideration fails. 7 Am. and Eng. Ency. (2 Ed.), p. 147; Whitaker v. Hawley, 25 Kan. 692; Wattles v.

Ice & Coal Co., 36 L. R. A. 424; 12 Am. and Eng. Ency. Law, 721; Porter v. Tull, 22 L. R. A. 613.

*Montgomery & Montgomery* for respondent.

(1) Where premises are leased for a term of years and the lessee agrees to pay rent during such term and the lessor does not covenant to rebuild, the destruction by fire of the buildings rented will not exempt the lessee from the further payment of rent. He must pay for the whole term. Gibson v. Perry, 29 Mo. 245; O'Neil v. Flanagan, 64 Mo. App. 87; Trust Company v. Nathan, 175 Mo. 42. (2) The lease is a sale of the demised premises for the term at an agreed price. The landlord's covenants are executed by the delivery of possession. Davis v. Smith, 15 Mo. 467; Gibson v. Perry, 29 Mo. 245; O'Neil v. Flanagan, 64 Mo. App. 88.

BROADDUS, P. J.—This is a suit for rent of certain premises. The property in controversy was leased by plaintiff to defendant for a term of years at a rental of $42.50 per month. The property consisted principally of a building and platforms and was used by defendant in its business of buying and shipping large quantities of poultry. During the life of the lease the building was totally destroyed by fire. There was no evidence that the fire was caused by the negligence of defendant. The plaintiff at the time of the fire held a policy of insurance of $1,000 on the building which he collected. The fire occurred January, 1906. All rent was paid up to the time of the fire. The suit is to recover rent accruing afterwards. The judgment was for the plaintiff from which defendant appealed.

The contention of defendant is that the building being the thing leased and for which the rent was to be paid, having been destroyed without its fault, it cannot be required to pay further rent. In support of its theory the following cases are cited, to-wit: The su-

preme court of Nebraska in Wattles v. South Omaha Ice & Coal Co., 36 L. R. A. 424, held that: "Where a substantial portion of leased premises is destroyed by fire without the fault of the lessee, he is entitled to an apportionment of the rent covenanted to be paid, and accruing thereafter in the absence of an express assumption by him of the risk of such destruction." The court holding that the common law rule of construction of such a covenant was not in force in that State. In Whitaker v. Hawley, 25 Kan. 471: "Where a lease for a term of years, in addition to a covenant to pay rent, contains a stipulation that the lessee shall insure all or a part of the leased property in a given amount for the lessor, it was held, "that the provisions for insurance limits and qualifies the promise to pay rent, and that as the former becomes operative the latter ceases to have force."

There is no such provision in the lease in this case. The plaintiff insured the building at his own instance to indemnify himself if it should be destroyed. Had the defendant contracted to insure the building to indemnify plaintiff perhaps the Kansas decision might apply.

The plaintiff was under no obligation to insure the building for the benefit of plaintiff and it did not create any liability on him to rebuild and if it did it would not excuse defendant from the payment of rent. Even when the lessor contracted to rebuild and failed to do so it did not operate to exempt the lessee from the payment of rent for the entire time. [Lincoln Trust Co. v. Nathan, 175 Mo. l. c. 52.] The law of this State is well settled that: "Where premises are leased for a term of years and the lessee agrees to pay rent during the term, and the lessor does not covenant to rebuild, the destruction by fire of the building rented will not exempt the lessee from the further payment of rent; he must pay rent for the whole term." [Gibson v.

Perry, 29 Mo. 245; O'Neil v. Flanagan, 64 Mo. App. 87.] The cause is affirmed. All concur.