JOHN M. KENNEDY, Respondent, v. FRED L. WATTS, Appellant.

Springfield Court of Appeals, February 7, 1910.

**LANDLORD AND TENANT: Destruction of Property: Duty to Pay Rent.** The law of this State has long been established that where premises are rented for a term of years, the lessee agreeing to pay rent during the term, and the lessor does not covenant to rebuild, repair or reconstruct the leasehold premises in case of injury or destruction, the lessee will not be exempt from payment of rent. The tenant must continue to pay rent for the whole term, although the leasehold may have been injured or destroyed in such a way that he can get no beneficial use out of it.

Appeal from Greene Circuit Court.—*Hon. Alfred Page,* Judge.

AFFIRMED.

*Frank S. Heffernan* for appellant.

(1)   Damages to the leased building, caused by unavoidable casualty, is a just cause of reduction of rent.   Hinsdale v. McClure (Iowa), 113 N. W. 478; 10 Cyc., 572, 576; Brown Land Co. v. Leham (Iowa), 112 N. W. 185; Taylor's Landlord & Tenant (6 Ed.), sec. 374; Ives v. Van Epps, 22 Wend. 165; Rob v. McAlister, 8 Wend. 109; Mills v. Boehrs, 24 Wend. 254; Phyfe v. Elmer, 45 N. Y. 102; Dermott v. Jones, 23 How. 235.   (2)  Counterclaim or recoupment means a cutting back on the plaintiff's claim by the defendant.   Applicable to a cause where the same contract imposes mutual duties and obligations, and one party seeks a remedy for the breach of the duty by the second, the second party meets the demand by a claim for a breach of duty by the first. Davenport v. Hubbard, 46 Vt. 206; Roberts v. Donovan, 70 Cal. 113; Parker v. Hart, 32 N. J. Eq. 230; Batterman v. Pierce, 3 Hill 174; Pomeroy, Remedies, sec.

736; Flesh v. Christopher, 11 Mo. App. 483; Gordon v. Bruner, 49 Mo. 570; Conner v. Winter, 7 Ind. 533; Pallison v. Richards, 22 Barb. 146; Emery v. Railroad, 77 Mo. 346.

*Mann & Todd* for respondent.

(1)   In the absence of a covenant on his part to do so, the landlord is under no obligation to repair the premises during the course of the tenancy, nor is he liable for injury resulting to the tenant from the failure to so repair.   Burnes v. Fuchs, 28 Mo. App. 279; Roberts v. Cotty, 100 Mo. App. 500.   (2)   Where premises are leased for a term of years and the lessee agrees to pay rent during the term, and the lessor does not covenant to rebuild, the destruction by fire of the building rented will not exempt the lessee from the further payment of rent; he must pay rent for the whole term. Neidelet v. Wales, 16 Mo. 214; Gibson v. Perry, 29 Mo. 245; Sedalia Mill & Lumber Co. v. Swift & Co., 129 Mo. App. 471; O'Neal v. Flannagan, 64 Mo. App. 87; Spalding v. Humford, 37 Mo. App. 281; Paradine v. Jane, Aleyn P. 26 (8 T. R. 267).

NIXON, P. J.—This was an action by the respondent, a landlord, against his tenant, Fred L. Watts, upon a written lease.   The lease is after the usual and standard forms used in renting business houses except as hereinafter stated.

The petition contained two counts, the first claiming two months' unpaid rent in the sum of two hundred and ten dollars.   The second count was abandoned. The defendant in his answer admitted the execution of the lease and its terms, and for counterclaim stated that during the existence of the lease, a windstorm of great velocity and violence struck the city of Springfield where the leased property is situated, and among other damage done, the iron frame of an awning on the leased building was twisted in such a way as to drive it

through a large plateglass window in the front of the store, totally destroying the same; that in order to use the premises, the defendant was compelled to put a temporary cover over the open space in the window which cost him eight dollars, and that in order to use the room, he put a wooden structure where the plateglass was destroyed at an expense of six dollars; that he was damaged, including the above items, in the sum of one hundred and forty-five and 65-100 dollars, which he asked to be allowed as a setoff; that the balance of seventy-four and 35-100 dollars the defendant tendered in court.

A jury was waived and the case was tried before the judge who rendered judgment in favor of the plaintiff for two months' rent with interest from the date of the demand. The defendant has perfected his appeal to this court.

No questions are presented on this appeal as to pleading or practice. The sole question is as to the liability of the landlord under his written lease for the items charged in the defendant's setoff. The law of this State has long been established that where premises are rented for a term of years, the lessee agreeing to pay rent during the term, and the lessor does not covenant to rebuild, repair or reconstruct the leasehold premises in case of injury or destruction, the lessee will not be exempt from payment of rent. The tenant must continue to pay rent for the whole term, although the leasehold may have been injured or destroyed in such a way that he can get no beneficial use out of it. [Sedalia Planing Mill & Lumber Co. v. Swift & Co., 129 Mo. App. 471, 107 S. W. 1093; O'Neil v. Flanagan, 64 Mo. App. 87.] The law has been so declared in this State since the year 1852 when it was first announced in the case of Davis v. Smith & Bradley, 37 Mo. App. 281; see also Lincoln Trust Co. v. Nathan, 175 Mo. 32, 74 S. W. 1007. The reasons given by the courts for enforcing this rule, notwithstanding the protests of the tenants.

have been that it is the duty of the tenant to see that his contract provides for his ample protection.

The lease in question contains the following clause: "The said Fred L. Watts (the tenant) also covenants and agrees to keep said premises in as good repair as they are now in, casualties by fire and otherwise excepted." This clause places no liability upon the landlord to repair or rebuild in case of injury or destruction of the leased premises.

The principles of law so often announced, require us to apply the legal principle to this case of *stare decisis* in order to keep the scales of justice even and steady and not liable to waiver with every new case presented. The law having been often solemnly determined and declared, this court has no option but to follow the established precedents. As MARSHALL, J., said in the case of Lincoln Trust Co. v. Nathan, *supra*: "But the trouble is the law as it stands and is enforced today in such cases, comes to us from a system and a time when lords of the realm were accorded all possible advantages over the terre-tenants. For myself I do not hesitate to say that it would have been better, and wiser and more humane, and more conscionable, if no such harsh rule had ever been permitted to find a resting place in the jurisprudence of a free people. But it would be almost a herculean and possibly an impossible attempt to change it now." The judgment is affirmed. All concur.