[S. F. No. 4969. In Bank.—January 11, 1911.]

LOUISE HARVEY, as Executrix, and FRANK A. DAROUX et al., as Executors, of the Last Will of Joseph Harvey, Deceased, and FRANK A. DAROUX, Respondents, v. EDWARD WEISBAUM et al., Appellants.

LANDLORD AND TENANT—RENT PAID IN ADVANCE—TOTAL DESTRUCTION OF PREMISES DURING TERM—LESSEE CANNOT RECOVER RENT PAID.—A tenant who has taken possession of the leased premises and paid his rent, or a part of it, in advance, as required by the terms of the lease, cannot, in the absence of any covenant in the lease, recover the rent so paid in case of the total destruction of the premises by fire without any fault of either party to the lease.

ID.—DESTRUCTION OF THING TERMINATES HIRING.—In this state, under section 1933 of the Civil Code, the hiring of a thing terminates by the destruction of the thing hired.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

A. L. Weil, for Appellants.

Knight & Heggerty, for Respondents.

THE COURT.—This cause was decided by the district court of appeal for the first district in favor of the appellants and the judgment and order appealed from were reversed. On petition of the respondents the judgment of the district court of appeal was vacated and the appeals were transferred to this court for further consideration. Upon a re-examination of the case we find no ground for differing from the conclusions reached by the district court. The opinion and the judgment of that court, written by Mr. Justice Cooper, are hereby adopted as the opinion and judgment of this court. They are as follows:—

"This action was brought by plaintiff Daroux and the other plaintiffs, as executors of the last will and testament of Joseph Harvey, deceased, to recover of defendants rent paid

in advance by said Daroux and said Harvey, deceased, under a written lease, the leased premises having been destroyed by fire on April 18, 1906, as a result of the earthquake of that date. The case was tried before the court without a jury, and findings filed, upon which judgment was entered for plaintiff for the amount claimed in the complaint. This appeal is from the judgment and the order denying defendants' motion for a new trial.

"On the 28th day of February, 1906, plaintiff Daroux and said Harvey, deceased, entered into a contract in writing, whereby they leased from defendants certain space and rooms in the second story of a brick building on Glasgow Street, in the city and county of San Francisco, 'for the term of two years from the 1st day of March, 1906, at the total rent or sum of $5400, payable one half thereof in advance on the signing of this lease, and the remaining one half payable monthly in advance at the rate of $225 per month, beginning March 1st, 1907.' The lease contained the following clause as to the liabilities of the respective parties in case of the destruction of the premises by fire, to wit: 'It is further agreed between the parties hereto that in case the said demised premises shall be destroyed, or become damaged to such an extent as to render the same untenantable, by reason of fire, or the act of God or the public enemy, then this lease shall terminate and be at an end; but if such damage shall not be greater than can be repaired in one month, if the parties of the first part shall, at their own cost and expense, repair such damage, and put said premises in good tenantable condition within one month from the time of the occurrence of such damage, then this lease shall continue in force; but the parties of the second part shall be allowed a proportionate reduction in the rent while such repairs are being made.' At the time the said lease was so made and executed the defendants were paid the first year's rental, $2700, by said Daroux and said Harvey, deceased, and thereupon and thereafter said lessees entered into the possession of the said leased premises, and so continued in such possession until the premises were destroyed by fire on the day before mentioned.

"The question, and the only question that need be decided, is as to whether or not a tenant, who has taken possession of the leased premises and paid his rent, or a part of it, in advance,

as required by the terms of the lease, can, in the absence of
any covenant in the lease, recover the rent so paid in case of
the total destruction of the premises by fire without any fault
of either party to the lease.

"The common-law rule, applicable where land is the subject
of the lease, is that where there is a covenant on the part of the
lessee to pay rent for the term, and the buildings are destroyed
by fire, the tenant is not relieved from the payment of rent
unless he has protected himself by a covenant in the lease.
This rule was based, as stated by the common-law writers, upon
the reason that, as the destruction is usually by means of an
accident, for which neither lessor nor lessee is responsible, it is
but equitable to divide the loss; and as the lessor must lose
the property the lessee should lose the term; and upon the
further reason that exemption from loss would tend to make
the tenant less careful, as in many cases he would be benefited
by the destruction of the premises if the result would be to
free him from the lease. In most states, however, the com-
mon-law rule has been superseded by either code or statutory
provisions. In this state the rule has been changed (Civ.
Code, sec. 1933) by direct provision that the hiring of a thing
terminates by the destruction of the thing hired. (*Ainsworth
v. Ritt*, 38 Cal. 89.) But there is no provision of the code,
and no well-considered case to which our attention has been
called, making the lessor liable to the lessee, in case of destruc-
tion of the premises by fire, for rent paid in advance in the
absence of any such provision in the agreement of lease. In
such case the contract has been executed, and the estate or
premises leased delivered to the lessee. The fact that rent was
to be paid in advance might have been the controlling factor
in the mind of the lessor when he executed the lease and de-
livered the possession of the premises to the lessee. The con-
sideration for the advance payment is not only the use of the
premises for the month during which the lessee is to use them
under the lease, but the conveyance by way of lease and the
obtaining possession of the premises. The lease is an interest
in real property passing from the lessor to the lessee. In many
cases the landlord may have expended more money than the
advanced rent, and for the very reason that he is receiving
rent in advance. It may have been the very inducement to
the lease. The destruction of the premises by fire being unfore-

seen, and without the fault of either party in contemplation of law, they each must suffer, and being equally innocent, why should the law interfere to aid the lessee in a case where he has not taken the precaution to provide in his lease for the contingency? The lessee has only paid the money he agreed to pay at the time he agreed to pay it; and as he has not seen fit to have any provision inserted in the lease as to the recovery of the advance rent, or a part thereof, in case the premises are destroyed by fire, the law will not insert such provision for him, particularly as in many cases it might work a great hardship on the lessor.

"In the state of New York the statute provides that where any leased building is destroyed by fire so as to be untenantable the lessee may quit and surrender possession, and in such case he shall not be liable to rent subsequent to the surrender. It is held, however, that where rent is paid in advance, it cannot be recovered, notwithstanding the provision of the statute (*Werner* v. *Padula,* 49 App. Div. 135, [63 N. Y. Supp. 68]). It was there said: 'If by the terms of his lease rent is to be paid in advance the tenant comes under an absolute engagement to pay it on the day fixed, and he is not relieved from that engagement by the fact that the property is destroyed by fire, and he is liable to pay the rent due in advance even though the destruction takes place on the very day it falls due. . . . Under the statute therefore the plaintiff would have been compelled to pay the first installment of rent, although the premises had been destroyed on the day after this lease was signed. But it is said that if this construction be given to the contract she gets no more benefit from the contract than she would have had had she relied upon the statute. That is undoubtedly true. If she had written into her lease the exact words of the statute they would have received there the same construction which the statute itself has received, and the fact that she has written words in her contract which have the same meaning gives her no other or different rights. When, therefore, on the day the lease was signed, she paid the rent in accordance with its terms, that payment was final and absolute. She was not entitled to recover it back in the event of the destruction of the premises before the whole of that rent had been earned.'

"This case was affirmed in 167 N. Y. 611, [60 N. E. 1122],

and again in *Einstein* v. *Tutelman,* 110 N. Y. Supp. 1025, [59 Misc. 462].

"In *Tarkovsky* v. *George H. Hess Co.,* 64 Ill. App. 513, the lease contained the provision: 'Upon the destruction of said premises by fire the term hereby created shall cease and determine.' The premises were totally destroyed by fire, and the action was brought to recover part of a month's rent which had been paid in advance under the terms of the lease. The court held that such rent could not be recovered. In the opinion the court said: 'Can a proportionate part of such payment be recovered back? We think not. The contract of the parties ought to govern. They provided by their agreement how the rent should be paid, but did not agree that the rent should be abated for any part of the term for which it should be paid in case the premises should be destroyed. Their only agreement with reference to the destruction of the premises was that the lease should thereupon terminate, and impliedly that no more rent should accrue. Such was probably the law without any agreement. But as to rent previously paid they made no provision, and we do not feel called upon to make one for them. As we view the case, the risk of the lease being terminated before the time expired for which rent was paid was upon the party paying. That was in effect what his contract was when he agreed to pay in advance.'

"The same ruling has been made by the supreme court of Ohio (*Felix* v. *Griffiths,* 56 Ohio St. 39, [45 N. E. 1092]) ; of Wisconsin (*Cross* v. *Button,* 4 Wis. 468; *Copeland* v. *Goldsmith,* 100 Wis. 436, [76 N. W. 358]) ; and of Michigan (*Lieberthal* v. *Montgomery,* 121 Mich. 369, [80 N. W. 115].)

"The only case cited, which appears to be directly in point, holding the contrary rule is *Porter* v. *Tull,* 6 Wash. 408, [36 Am. St. Rep. 172, 22 L. R. A. 613, 33 Pac. 965]. The reasoning of that case, however, is not convincing, and the opinion states that the court has not been cited to any adjudicated cases on the question. The cases to which we have referred, and which have been cited herein, evidently were not called to the attention of the court.

"We are aware that there may be cases in which the rule that we have adopted may work injustice; but we apprehend that to hold to the contrary would work greater injustice in many cases. In our opinion it is better to let the rights of the

parties rest upon their contract as they have made it, and not by judicial construction place a covenant in the lease which the parties have neglected to insert there themselves. It is better to have the rule uniform and certain, and any such contingency may be provided for in the lease.

"The judgment and order are reversed."