## MRS. SARAH G. NEFF, Respondent, v. AMERICAN STEEL AND WIRE COMPANY, Appellant.

In the Kansas City Court of Appeals, January 8, 1923.

LANDLORD AND TENANT: Lease: Covenants: Where Landlord Did Not Covenant Generally to Keep Building in Repair, but Only to Keep Roof, Outside Walls and Sprinkling Tank in Repair, Held Entitled to Recover Rent for Premises after Destruction of Same by Fire. In an action to recover rent by a lessor of a building who covenanted to keep the roof, outside walls and sprinkling tank in good repair, it is *held* that after destruction of the building by fire, the lessor under the covenant to make certain designated repairs, was not obligated to keep such covenant by making the repairs covered thereby in order to recover the rent for the remainder of the term.

Appeal from the Circuit Court of Jackson County.— *Hon. Thos. B. Buckner,* Judge.

AFFIRMED.

*Jay L. Oldham* and *Stubbs & Stubbs* for respondent.

*Meredith & Harwood* for appellant.

BLAND, J.—This action, arising in a justice court, is to recover two months' rent. The building on the demised premises, located in Kansas City, Missouri, was on April 4, 1918, during the term for which the premises were leased, totally destroyed by fire. Defendant offered to pay plaintiff $26.66. This sum would pay the rent up to the date of the fire, but defendant refused to pay any rent for any subsequent period. This suit was brought to recover the sum of $400, being for rent for the months of April and May, 1918. The court peremptorily instructed the jury to find for plaintiff which resulted in a verdict in favor of plaintiff in the sum of $484 and defendant has appealed.

The written lease under which the premises were

rented provided that—". . . the party of the second part (defendant) covenants with the party of the first part (the lessor) his heirs, executors, administrators and assigns that it will keep said premises in good and sufficient repair, and at the expiration of the term of this lease, it will yield up the said premises to the party of the first part without further notice in as good condition as when the same were entered upon by the party of the second part, loss by fire, inevitable accident and ordinary wear excepted. Said party of the first part (the lessor) covenanting to keep the roof, outside walls and sprinkling tank in good repair."

The lease also provided for the payment of $200 per month rent for the whole term.

Defendant contends that by reason of the fact that the lessor, whom plaintiff succeeded in the lease, covenanted that he would keep the roof, outside walls and sprinkling tank in good repair and that he did not keep this covenant after the fire, there was a constructive eviction of the defendant by the landlord which relieved the defendant from the further payment of rent. The question is raised as to whether the landlord's covenant and the covenant to pay rent are dependent or independent, but it is not necessary for us to pass upon this question for the reason that we do not think that in view of the destruction of the building by fire the landlord under his covenant to make certain designated repairs was under the obligation to make the repairs covered by his contract.

It will be noted that the landlord did not covenant to keep the premises in repair generally. Had he done so, the fire that destroyed the building having been accidental and not caused by any negligence of the tenant, he would have been required to rebuild. [1 McAdam on Landlord & Tenant (4th Ed.), 470; 1 Tiffany on Landlord and Tenant, 761.] The duty at common law of the tenant to rebuild in case of destruction by fire where he covenants to keep the building in repair and to deliver up the premises at the end of the term in as

good condition as when the same was entered upon by the tenant, has been modified by statute (Sec. 6921, R. S. (1919) so that this duty is not incumbent upon the tenant where the lease contains a general covenant to repair. [O'Neil v. Flanagan, 64 Mo. App. 87, 89.] As before stated, the landlord in the case at bar did not covenant generally to keep the premises in repair but only keep the roof, outside walls and sprinkling tank in repair. By this covenant he did not insure the continued existence of the building but only assumed to make the repairs that he covenanted to make. As was stated in Ducker v. Del Genovese, 87 N. Y. S. 889, 891—"The covenant relates to repairs and maintenance of the buildings in existence, not to the reconstruction of the buildings which might be destroyed by the elements." [See also Richmond Ice Co. v. Crystal Ice Co., 99 Va. 239, 244, 245.] There is nothing in the record to show that it would have made the building tenantable had merely the roof, walls and sprinkling tank been restored after the fire. What advantage the restoration of these things would have been to defendant is difficult to see.

However, it is insisted that the court erred in giving the peremptory instruction for plaintiff because his action in doing so assumed that the building was totally destroyed and although the testimony on this point may have been uncontradicted it was for the jury to pass upon the credibility of the witnesses. We think there is no question but that this case was tried below on the theory that whether the building was totally destroyed was not a matter in issue. Defendant wrote plaintiff a letter in regard to the payment of rent prior to the filing of this suit in which it stated that the premises were *destroyed* and that it understood that this terminated the lease and the obligation thereunder to pay rent after the date of the fire. Plaintiff's sole witness, Green, testified that the building was "practically totally destroyed." He identified a picture, taken after the fire, which was introduced in evidence and is brought here in the bill of exceptions. This photograph shows a three story build-

ing with the front and side walls standing, whether the rear and other side wall remained standing is not shown in the picture. At least one-half of the front wall of the building is composed of windows and a considerable part of the side wall shown. This side wall is partially gone. Daylight is seen through all the windows. It is admitted that the roof is gone. The picture shows a building with nothing but a part of the walls standing; the floors are apparently gone and the building gutted. Defendant's witness identified the picture as a correct representation of the building after the fire. The building was taken down the spring following the fire. It is admitted that the building was not occupied by the defendant after the fire.

Defendant submitted two instructions which the court refused. Both of these instructions amount to a peremptory instruction to find for defendant for the reason that all the facts submitted in the instructions are admitted. That is, that if the lessor agreed to keep the roof, outside walls and sprinkling tank in good repair and that a fire occurred on April 4, 1918, through no fault of the defendant and thereafter plaintiff did not keep the roof, outside walls and sprinkling tank in good repair, and that the building was rendered untenantable and that defendant did not occupy the building after the fire, then defendant was relieved of further payment of rent. As before stated, all of these facts were admitted. So the record shows that the case was tried by defendant merely upon the theory that a law question was presented, that is, if the covenant on the part of defendant to keep the roof, outside walls and sprinkling tank in good repair was such a covenant as would release defendant from the payment of rent if plaintiff failed to repair these parts of the building in the event of the building being either damaged or destroyed then plaintiff could not recover for any rent falling due after the date of the fire. Of course, the parties cannot now change the theory upon which the case was tried. Under the terms of the lease defendant must pay the rent stipulated

for the balance of the term. This is the common-law rule and it has been long recognized as in force in this State. [Gibson v. Perry, 29 Mo. 245; Burnes v. Fuchs, 28 Mo. App. 279; O'Neil v. Flanagan, 64 Mo. App. 87; Lincoln Trust Co. v. Nathan, 175 Mo. 32; Sedalia Planing Mill & Lumber Co. v. Swift & Co., 129 Mo. App. 471; Kennedy v. Watts, 142 Mo. App. 103; Blanchon v. Kellerstrass Distilling Co., 208 S. W. 484.]

The judgment is affirmed. All concur.