CROW LUMBER AND BUILDING MA-
TERIALS COMPANY, a Corpora-
tion, Plaintiff-Appellant,

v.

WASHINGTON COUNTY LIBRARY
BOARD, Defendant-Respondent.

No. 32833.

St. Louis Court of Appeals.

Missouri.

April 16, 1968.

Motion for Rehearing or to Transfer to Supreme Court Denied May 14, 1968.

Application to Transfer Denied July 8, 1968.

Dearing, Richeson, Weier & Roberts, Hillsboro, for plaintiff-appellant.

Schnapp, Cooper, Graham & Reid, Fredericktown, for defendant-respondent.

JOHN C. CASEY, Special Judge.

This is an appeal from a judgment by the Circuit Court of Washington County, Missouri, tried by the court without a jury. Plaintiff had sued for unpaid balance of rent allegedly due under a written lease

---

for "the street level floor only" of a business building used by defendant as a county library. An accidental fire, occurring during the term of the lease, greatly damaged the building rendering it untenantable for library purposes. The lease contained no covenant concerning rebuilding in the event of destruction, nor any provision relating to termination of the lease because of fire or other damage rendering the leased premises untenantable. In the trial below, the circuit judge, in a lengthy "Order" entered judgment for defendant. Since plaintiff's claim was for nine months rent at $275 per month, a total of $2,475, jurisdiction is properly lodged in this court.

The first and principal point relied upon by plaintiff for reversal of the judgment entered below is that: "The lease contained no provision excusing lessee from performance in the event of fire damaging the premises, thus, rent is due for the entire term, or until the lessor found a new tenant on equally advantageous terms. The Court erred in failing so to hold."

Defendant in its brief concedes that "The general rule of law where there is no written provision in the lease about destruction of the premises by fire or otherwise, is that the lessee continues paying the rent for the duration of the lease. * * *" Defendant further contends that "Exception to the general rule has been noted by the courts when the lease involves part of a building and not all of the building. However, we have been unable to find any Missouri cases where this question was presented to the court. * * *"

In effect, defendant contends that the exception to the general rule is so widely recognized as to become a part of the law of this nation and that, in the absence of Missouri cases on such exception, this court should follow the weight of modern authority. Defendant therefore asks this court to rule, under the facts of this case, that, as defendant quotes from 32 Am.Jur., Landlord & Tenant, § 495, p. 406, " * * * No liability for rent subsequently to accrue

under a lease of a part of a building, which includes no portion of the ground upon which the building stood, exists after the accidental destruction of the building, since there is nothing left to which the lease can attach. * * *"

On independent research we conclude that the asserted exception to the general rule of law has not been passed upon in any reported Missouri decisions and this case will be treated, in that respect, as a case of first impression in this state.

## THE EVIDENCE IN THIS CASE

There was little, if any, dispute with reference to the decisive facts of this case as presented here.

Plaintiff, Crow Lumber and Building Materials Company, a corporation, owned a one story and basement building on High Street in Potosi, Missouri. The building had one large room at the street level, with a basement of the same size below. There were two separate entrances to the basement. Plaintiff entered into a written lease with defendant, dated June 1, 1964, for use of " * * * the street level floor only of the brick business building at the following location in the City of Potosi, County of Washington, State of Missouri, to-wit: All of Lot Number Eighteen (18) in Block Number Four (4) of Deanes Addition to the Old Town of Potosi, now in the City of Potosi, Missouri." The lease provided for a monthly rental of $275.00 payable in advance, for a term beginning June 1, 1964, and ending December 31, 1966. The lease also contained a provision that "The Lessor reserves the basement of the described building from the terms of this lease, but Lessor agrees that it will make no use of the basement of said building which would interfere with or prevent the operation of a county public library in a normal and ordinary manner. The Lessee agrees that it will make no use of said building other than for the ordinary purposes of a Missouri Public Library District." *The lease contained no provision excusing lessee from paying rent in the event of fire*

*or other damage to the premises, nor any covenant on the part of the owner to rebuild.*

After execution of the lease defendant entered into possession of the street level floor of the building, paid rent monthly and operated a public library there. Plaintiff continued to occupy the basement area of the building for storage purposes, "We stored wire, fence wire down there and some wrought iron railings."

Such uses of the building by the parties continued until a fire occurred on the night of March 30–31, 1965. That fire, which both parties treated as accidental, caused extensive damage to the building. Although the joists between the basement and first floor remained intact the floor and subflooring had to be replaced. The brick walls were bowed out for about a day following the fire, but the walls settled back. The windows were blown out, and the roof so badly damaged that it required complete replacement, carrying the weight on new interior posts, as well as the exterior walls. For practical purposes, after the fire, only the basement, the joists and the four brick walls constituting the shell of the street level floor of the building remained.

This court finds from the evidence that the damage to the "street level floor only" of the building was such as to render the premises untenantable, and so extensive that the demised premises had, as a practical matter, been totally destroyed.

## PERTINENT MISSOURI DECISIONS

Before quoting from the Missouri cases cited by able counsel for both parties, and those reviewed in independent research, it should be noted that, none of the reported Missouri cases pertained to a leasehold of only a part of a building. Therefore, the broad language used by the Missouri courts in such reported cases should be considered in proper context, that is, as expressions of the law where the whole building, including the land itself was a part of the leasehold.

The earliest Missouri case on the subject, Davis' Adm'r v. Smith, 15 Mo. 468 (1852) was an action for rent of a building housing a grist, sawmill and carding machine. The lessees set up the defense that at the time the lease was made the main posts of the building were rotten and gave way, shortly after entering under the lease, causing destruction of the machinery. The trial court entered a directed verdict and judgment for the lessor. In the course of the opinion the court said (l.c. 469–470):

"The distinction between a duty created by law, and one created by the party is an established principle of our law. When the law creates a duty and the party is disabled to perform it without any default in him and he has no remedy over, the law will excuse him. But when the party, by his own contract, creates a charge or duty upon himself, he is bound to make it good, if he may, notwithstanding any accident, by inevitable necessity, because he might have provided against it by his contract, and therefore, if a lessee covenant to repair a house, though it be thrown down by a tempest or destroyed by enemies, yet he is bound to repair it, and if he covenant to pay rent for a house, though it be burnt down, yet he is liable for the whole rent; * * *."

This case is somewhat noteworthy in that the court further said, by way of dicta:

"* * * That furnished rooms, let for a particular purpose, should answer the object in renting them is not unreasonable. * * *"

In the case of Gibson v. Perry, 29 Mo. 245 (1860), the leasehold was "a storehouse in the city of Bonneville." Suit was brought by the owner against the defendant tenants to recover rent. The defendants set up in their answer that the quarter's rent sued for accrued after the destruction by fire of the storehouse rented by them. The court on motion of plaintiff struck out this answer. On appeal defendants contended that the tenants were not bound to

pay rent after the destruction of the store-house. In affirming the action of the trial court, the Supreme Court of Missouri, after summarizing the above quoted principles in the Davis case, supra, said (l.c. 246, 247):

"The law of this case has been long settled, and is supported by reason as well as authority.

"* * * a lessee of premises, which are burned by fire, has no relief on an express covenant to pay rent, either at law or in equity, unless he has protected himself by a stipulation in the lease, or the landlord has covenanted to rebuild. (3 Kent, 467.)"

The case of Lincoln Trust Co. v. Nathan, 175 Mo. 32, 74 S.W. 1007 (1903), was an action by the trustees under a will to recover from the defendant lessees and their assignees the sum of $1,200 rent for the land and buildings numbered 814 and 816 North Broadway, St. Louis, for the months of April and May, 1900. The buildings were totally destroyed by fire. In an opinion vigorously criticizing the old common law doctrine, Judge William C. Marshall wrote (l.c. 1009):

"* * * It is true that the fire did not, ex vi termini, terminate the lease. It is also equally true that the destruction of the leased premises does not, as a matter of law, terminate the lease, or relieve the lessee from his obligation to pay the rent. * * * This has been the rule of law so long that it were idle to attempt to change it now, but it may be doubted if it is a reasonable or humane rule, or a rule that can be reconciled with other equally well settled rules of law. * * * But the trouble is, the law as it stands and is enforced to-day in such cases comes to us from a system and a time when the lords of the realm were accorded all possible advantages over the terre-tenants. For myself, I do not hesitate to say that it would have been better and wiser and more humane and more conscionable if no such harsh rule had ever been permitted to find a resting place in the jurisprudence of a free people. * * *"

The Missouri courts continued to enforce the old common law relating to the lease-holds of entire buildings in Sedalia Planing Mill & Lumber Co. v. Swift & Co., 129 Mo.App. 471, 107 S.W. 1093 (1908) and in the case of Kennedy v. Watts, 142 Mo. App. 103, 125 S.W. 211 (1910) wherein the Springfield Court of Appeals quoted part of the criticism voiced in the Lincoln Trust case, supra, but continued to enforce the old common law rule.

In the case of Gralnick v. Magid, 292 Mo. 391, 238 S.W. 132, 28 A.L.R. 1530 (1921), the latest Missouri case we find touching the question, the Supreme Court summarized the common law principle, saying (l.c. 134):

"* * * where premises are leased for a term of years and the lessee agrees to pay rent during the term, and the lessor does not covenant to rebuild, the destruction of the premises by fire will not excuse the lessee from the payment of the rent during the entire term of the lease. * * *"

Counsel for defendant, while conceding that the courts of Missouri have enforced the old common law principles with all the alleged harshness, proceed to argue that this court should not apply such common law rule to modern day leases, especially the lease in this case, by contending "* * * This rule of law dates back to when the lords of the realm were accorded all possible advantages over the terre-tenants. Of course the law might have been good many centuries ago, but today with our change in economic conditions and our apartment dwelling, inroads have been made into this rule of law."

### EARLY DECISIONS OF OTHER STATES

One of the early leading cases on the exception to the common law rule with reference to termination of the lease of a part of a building when the entire struc-

ture was destroyed by fire is the 1839 New York case of Kerr v. The Merchants Exchange Co., 3 Edw.Ch. 315. In that case plaintiff Kerr leased "two certain rooms (No's. 10 and 11) and the cellar underneath the same in the southwest corner of the basement story" of the exchange. The whole building, including these rooms, was destroyed in the "Great Fire" of December, 1835. Kerr contended that under his lease he was entitled to equal space in the new building erected on site to replace the burned structure. The exchange contended that the thing demised was merely the rooms which ceased to exist after the destruction by the fire. The court, in denying plaintiff's claim for relief, said (1.c. 322):

"So, in the present case, the leases are not to be considered as leases of land, but only of apartments in the building distinct from the land on which it was erected. Leases must be construed according to the intention of the parties and with reference to the subject matter, which, in this instance, were rooms or apartments in the building designated by certain numbers."

In the frequently cited case of Womack v. McQuarry, 28 Ind. 103, 104, the Indiana court said:

" * * * This exception applies only to cases where the demise is of part of an entire building, as a cellar or upper room; and it is founded upon the idea that in such cases it is not the intention of the lease to grant any interest in the land, save for the single purpose of the enjoyment of the apartment demised, and that when that enjoyment becomes impossible, by reason of the destruction of the building, there remains nothing upon which the demise can operate. The leading one of those cases, Winton v. Cornish, presented strong reasons of justice and policy for the ruling: * * *."

The New York courts again applied the exception to the general rule in the case of Graves v. Berdan, 29 Barbour 100 (1859),

which was affirmed (1863) 26 N.Y. 498, over the strongly worded dissenting opinion of Judge Wright. In that decision it was noted that New York had enacted a statute on the subject in 1860, after the action arose.

## STATUTES OF OTHER STATES

Before discussing the more recent decisions of courts of other states in applying such exception to the old common law rule with reference to leases of parts of a building, we deem it appropriate to point out the fact that many of the states have abrogated the subject common law rule by statutory enactments. Typical of these is the New York statute, McKinney's Consolidated Laws of New York, c. 50, Annotated Title 49, Real Property Law, § 227, p. 153, which reads:

"Where any building, which is leased or occupied, is destroyed or so injured by the elements, or any other cause as to be untenantable, and unfit for occupancy, and no express agreement to the contrary has been made in writing, the lessee or occupant may, if the destruction or injury occurred without his fault or neglect, quit and surrender possession of the leasehold premises, and of the land so leased or occupied; and he is not liable to pay to the lessor or owner, rent for the time subsequent to the surrender. Any rent paid in advance or which may have accrued by the terms of a lease or any other hiring, shall be adjusted to the date of such surrender. * * * *"

New Jersey enacted a somewhat similar statute in 1877 presently N.J.S.A. 46:8–6 and 7. In the case of Pivnick v. Seaboard Supply Co. (Essex County Ct.) 30 N.J. Super. 605, 105 A.2d 695 (1954), the court, in explanation, said:

" * * * The hardship of these rules upon tenants led to the adoption in most states of statutes such as our N.J.S.A. 46:8–6 and 7, which provide * * *."

Statutes of other states which have a somewhat similar effect in abrogating the sub-

ject common law rule are listed in our footnote.[1] These statutes are mentioned for the dual purpose of indicating the modern reaction, by legislative enactments, to the old common law rule and to explain the paucity of recent decisions in those states on the subject.

The legislature of Missouri, however, has not enacted any such statute. We, therefore, deem it necessary to examine the law as interpreted and applied by courts of other states.

### LAW IN OTHER STATES

One of the most thorough discussions by an authority on the subject is contained in Underhill's "Treatise on the Law of Landlord and Tenant" (1909) from which we quote the following (1.c. 1342):

"§ 789. The destruction of the premises which are a floor or apartment. Where, however, the principal subject of the demise is not land, but a room, floor or an apartment in a building and the building is destroyed this rule does not apply. Under such circumstances the lease is at an end, the interest of the tenant under it is destroyed and his liability to pay under a covenant to pay rent is extinguished. This exception to the general rule is based upon a presumption that the floor, room or apartment was the principal subject matter of the hiring and that therefore the interest of the tenant in the lease was to continue only as long as the subject matter of the lease existed. * * *"

To the same effect see: Tiffany's Landlord and Tenant, Vol. 1, § 182, p. 1196; Thompson's Commentaries on the Modern Law of Real Property, Vol. 3A, § 1299 and § 1315; Powell on Real Property, Vol. 2, c. 233(3); 32 Am.Jur., Landlord and Tenant, § 495. Cases cited in 51 C.J.S. Landlord and Tenant § 99 give support to the proposition therein stated that, " * * * where the lease is merely of a portion of a building, * * * the destruction of the premises terminates the lease. * * *"

■ In reviewing the cases cited by the previously mentioned authorities, and those found in further research, we conclude that the exception to the general rule herein discussed is well established and amply, if not universally, supported by the controlling decisions of the courts of other states in which the question has been presented.[2]

The only reported decision in the 20th century that we found wherein a court of another state refused to enforce such exception to the rule (in its original opinion) is the 1930 case of White v. Steel, decided

1. Ariz., A.R.S. § 33–341, 33–343; Calif., Deering's Civ.Code Ann. § 1933; Conn., C.G.S.A. Sec. 47–24; Ky., KRS 383.170; La., LSA Civil Code Art. 2697 and Art. 2728; Md., Code 1957, Art. 53, § 37; Mich., MSA § 26.1121, C.L.1948, § 554.-201; Minn., M.S.A. § 504.05; Miss., Code 1942, § 898; Mont., R.C.M.1947, § 42–109; N.C., G.S. § 42–12; N.D., Code 47–16–14; Ohio, R.C. § 5301.11; R.I., Gen. Laws 1956, 34–18–7; S.D., SDC 38.0421; Tenn., T.C.A. § 64–702; Va., Code 1950, § 55–226; W.Va., Code § 36–4–13; Wis., W.S.A. § 234.17; See 13 Iowa Law Review, 328 (1928) for further discussion of many of these statutes.

2. In addition to the cases heretofore cited see McMillan v. Solomon, 42 Ala. 356; Buerger v. Boyd, 25 Ark. 441, 442; Ainsworth v. Ritt, 38 Cal. 89; Curtiss v. Hoyt (1848) 19 Conn. 154, 48 Am.Dec. 149, 155; Sigal v. Wise (1932) 114 Conn. 297, 158 A. 891–893; Gavan v. Norcross, 117 Ga. 356, 43 S.E. 771–772; Whitaker v. Hawley, 25 Kan. 674, 686, 30 P. 471, 479; Viterbo v. Friedlander (applying Louisiana Napoleonic Law) 120 U.S. 707, 7 S.Ct. 962, 30 L.Ed. 776; Stockwell v. Hunter, (Mass.) 11 Met. 448, 45 Am.Dec. 220; Lieberthal v. Montgomery, 121 Mich. 369, 80 N.W. 115; Wattles v. South Omaha Ice & Coal Co., 50 Neb. 251, 69 N.W. 785, 36 L.R.A. 424; Winton v. Cornish, 5 Ohio 477; Harrington v. Watson, 11 Or. 143, 3 P. 173, 175, 50 Am.Rep. 465; Post v. Brown, 142 Tenn. 304, 307; Porter v. Tull, 6 Wash. 408, 33 P. 865, 36 Am.St.Rep. 172, 22 L.R.A. 613; Richards Le Taverners Case, 1 Dyer 562, 73 Eng.Reprint, 123; Waite v. O'Neil (U.S.Cir.Ct.App., 6th Cir.) 76 F. 408, 34 L.R.A. 550.

by the Court of Civil Appeals of Texas, El Paso, 33 S.W.2d 224. In that case White conducted a real estate and insurance business in certain leased rooms on the ground floor of the Hotel Sheldon building. After applying the old general common law rule in its original opinion, that Texas Court, on motion for rehearing, said (l.c. 226):

"We have concluded that we were in error in the application of the general rule to the case at bar.

"As argued by plaintiff in error in his motion for rehearing, there appears to be a well-established exception that in the leasing of rooms and apartments in buildings, a destruction of the building terminates the lease and with it the liability of the tenant for rents thereafter accruing. 16 R.C.L. § 469, and authorities cited; * * *.

"The above authorities seem also to apply the exception in cases where the lease is for the improvements only and does not include the freehold."

In the more recent case of Solomon v. Neisner Brothers, 93 F.Supp. 310, decided by the United States District Court M.D. Pennsylvania in 1950 (construing Pennsylvania law), it was said (l.c. 315):

" * * * Where only an interest in part of the building is demised, upon the total destruction of the building, ordinarily the whole estate demised would be extinguished; nothing would remain which the tenant could enjoy or claim and the relationship between the parties would be at an end. * * *"

This decision was approved and affirmed by the Circuit Court of Appeals, 3rd Circuit, 187 F.2d 735.

## CONCLUSION

Upon due consideration of the rationale expressed by the courts of other states, as heretofore cited, in applying the exception to the general common law rule to leases which did not include any interest in the land itself, we are of the opinion that the enforcement of such exception constitutes sound law and should be applied here.

■ We conclude that, under the facts of the instant case, the lease of the "street level floor only" of the building did not grant to the defendant library board any interest in the land and therefore, in the absence of any covenant to rebuild or any provision in the lease regarding termination because of destruction of the premises, the lease was terminated, and liability for rent ended, by operation of law, by reason of the destruction to the demised floor caused by the accidental fire of March 30–31, 1965.

Such conclusion and the resulting determination of this case is not a departure from the common law as announced in any earlier Missouri cases, since, as previously mentioned, none of those cases dealt with the lease of a part of a building. In view of the result reached in this opinion, it is unnecessary to consider any other points raised by plaintiff.

For the reasons heretofore stated, the judgment of the circuit court is affirmed.

ANDERSON, P. J., and WOLFE, J., concur.